365 So.2d 659 (1978)
Frank SMITH
v.
WILCOX COUNTY BOARD OF EDUCATION, etc., et al.
77-528.
Supreme Court of Alabama.
December 22, 1978.
*660 Solomon S. Seay, Jr., Montgomery, John D. Prince, Jr., Birmingham, for appellant.
J. Garrison Thompson, Selma, for appellees.
BEATTY, Justice.
In this action brought by Frank Smith against the Wilcox County Board of Education, the trial court sustained the defendants' motion to dismiss. Smith has appealed that decision. We reverse and remand.
The plaintiff had been employed a number of years as a teacher by defendant Board when in 1965 his employment contract was cancelled. He appealed the Board's action to the Alabama State Tenure Commission which determined that the Board had not held a legal hearing under Ala.Code of 1940, Tit. 52, § 359 (now Ala.Code of 1975, § 16-24-9). Thus, defendant's cancellation of plaintiff's contract was rendered null and void.
Plaintiff then received a letter from the Board's superintendent advising him that he was still suspended pending further action of the Board. Plaintiff was never reinstated.
In May of 1966 plaintiff filed a petition in the Wilcox County Circuit Court for an alternative writ of mandamus, requesting the court to order the defendants to reinstate plaintiff and award back pay. The court issued the writ, granting the requested belief, or in default thereof to show cause therefor, on May 13, 1966. Defendants thereafter filed demurrers on May 26, 1966. Except for execution of a subpoena duces tecum in June of 1966, there was no further action of record in the case until 1973. In April of that year interrogatories were served upon the plaintiff, and in July of the same year the record of the casepreviously lost or misplacedwas reconstructed.
In early 1974 plaintiff's attorney by telephone asked the clerk of the court to set a hearing in the case. Later, on March 11, 1974, the circuit court dismissed the case for want of prosecution. Costs were taxed to defendants. Plaintiff's attorney received no notice of the dismissal and did not discover that action until sometime in 1977. He claimed that he received no notice from the clerk under Rule 77(d).
On February 10, 1978 this action was instituted, essentially requesting the resurrection of the earlier case. The defendants filed a motion to dismiss which the trial court granted in April. Plaintiff appeals from that order of dismissal.
Preliminarily, defendants-appellees have filed a motion to strike portions of appellant's brief; however, we find that a ruling on the motion is not essential to a disposition.
The controlling issue here is whether, pursuant to Rule 41(b), ARCP the trial *661 judge abused his discretion in dismissing the action with prejudice. Because the Alabama and Federal rules are virtually verbatim, "a presumption arises that cases construing the Federal Rules are authority for construction of the Alabama Rules." Assured Investors Life Insurance Co. v. National Union Associates, Inc., 362 So.2d 228 (Ala.1978).
The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). However, since dismissal with prejudice is a drastic sanction, it is to be applied only in extreme situations. Brown v. Thompson, 430 F.2d 1214 (5th Cir. 1970); Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967).
Therefore, appellate courts will carefully scrutinize such orders and occasionally will find it necessary to set them aside. 9 Wright & Miller, Federal Practice & Procedure, § 2370, p. 203, n. 1; see, e. g., Connolly v. Papachristid Shipping, Ltd., 504 F.2d 917 (5th Cir. 1974); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir.) cert. den. 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).
The Fifth Circuit Court of Appeals follows the rule that a trial judge may dismiss with prejudice an action "only in the face of a clear record of delay or contumacious conduct by the plaintiff." Durham v. Florida East Coast Ry. Co., supra, followed in Pond v. Braniff Airways, Inc., 453 F.2d 347 (5th Cir. 1972); Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976). Several other circuits follow that rule. See 9 Wright & Miller, Federal Practice & Procedure, § 2369, p. 194-95, n. 70. Other courts refer to a "serious showing of willful default." Gill v. Stolow, 240 F.2d 669 (2nd Cir. 1957); Dabney v. Burrell, 67 F.R.D. 132 (D.Md.1975).
Consequently, it appears that the plaintiff's conduct must mandate the dismissal. Brown v. Thompson, supra. On the record before us there is no such conduct. It does not appear there was any "contumacious conduct," or any "serious showing of willful default," or a "clear record of delay." Although there appeared to be a long period of inactivity from 1966 to 1973, nevertheless within the eleven months before the dismissal the defendants filed interrogatories, the parties reconstructed the record, and the plaintiff's attorney had tried to have a hearing set on the case.
Furthermore, since the Tenure Commission had ruled the Board's action ineffective and the trial court had issued an order to the Board to reinstate the plaintiff with back pay, it would seem that any burden of acting thereafter would have been on the defendants.
Appellees argue that Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) strongly supports their position. In Link a sharply divided court (5-4) found that the district court did not abuse its discretion in dismissing an action for failure to prosecute, based on the record before it. Plaintiff's attorney had failed to attend a pretrial conference, without adequate excuse, and there was a history of a drawnout litigation (6 years). In the court's view this was sufficient evidence from which it could have been inferred that plaintiff had been deliberately proceeding in a dilatory fashion. But Link is inapposite to the instant case because there was activity by the parties in the eleven months before the dismissal, and there was no activity on the part of the plaintiff from which it can be inferred that he was deliberately proceeding dilatorily. There was no evidence of any kind of "fault" on plaintiff's behalf. Pond v. Braniff Airways, Inc., supra; Brown v. Thompson, supra.
Finally, appellees argue that a lengthy period of inactivity may be sufficient to justify dismissal. First, as noted before, there was activity in this case preceding the dismissal: even where there has been a period of inactivity, present diligence has barred dismissal. Raab v. Taber Instrument Corp., 546 F.2d 522 (2d Cir. 1976); Morales v. Lionel Corp., 439 F.Supp. 53 (S.D.N.Y.1977); United States v. Myers, *662 38 F.R.D. 194 (N.D.Cal.1964). Second, the rule is that a lengthy period of inactivity may justify dismissal in the circumstances of a particular case. Thus, a period of inactivity is generally coupled with some other act to warrant the severe penalty of dismissal. See, e. g., Link v. Wabash R. Co., supra (inactivity coupled with counsel's failure to appear at a pre-trial conference); Forest Nursery Co. v. Crete Carrier Corp., 319 F.Supp. 213 (E.D.Tenn.1970) (failure of defendant to answer a summons 6 months after required by statute); Delta Theatres, Inc. v. Paramount Pictures, Inc., 398 F.2d 323 (5th Cir.) cert. den. 393 U.S. 1050, 89 S.Ct. 688, 21 L.Ed.2d 692 (1968) (failure to obey court order coupled with lapse of activity for 14 years).
There are no such circumstances in this case. Accordingly, the case must be reversed and remanded, and it is so ordered.
REVERSED AND REMANDED.
MADDOX, JONES and SHORES, JJ., concur.
TORBERT, C. J., concurs specially.
TORBERT, Chief Justice (concurring specially):
At the time the original action was dismissed the record shows that defendants had filed and there was pending before the court a demurrer to plaintiff's petition. Although the case had been pending almost eight years, the demurrer should have been ruled upon before the court considered dismissing the action for want of prosecution. The record does not show a ruling on defendant's demurrer. So long as the defendant's demurrer was pending and not ruled upon, plaintiff could not be faulted to the extent of warranting a dismissal of his action "for want of prosecution."
Additionally, plaintiff was entitled to notice of the court's action. Our Rules of Civil Procedure which became effective July 3, 1973, provides in Rule 77(d) that:
"Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear, and who was not present in person or by his attorney or not otherwise notified, when such order or judgment was rendered, and make a note on the docket of the mailing. . . ."
Rule 86 provides that these rules govern all further proceedings in actions pending on the effective date of the rules except to the extent that in the opinion of the court the applicability would not be feasible or would work an injustice. I believe Rule 77(d) should have been applied in this case.