403 So.2d 218 (1981)
Kelli Ann SELBY, a minor who sues by and through her father and next friend Ronald L. Selby; and Ronald L. Selby
v.
Dr. Andrew Charles MONEY.
80-88.
Supreme Court of Alabama.
August 28, 1981.
*219 P. Russell Tarver, Birmingham, for appellants.
Lyman H. Harris and Michael J. Evans of Lorant, Harris & Yearout, Birmingham, for appellee.
FAULKNER, Justice.
This is an appeal from a dismissal of a medical malpractice suit brought by Kelli Ann Selby and her father against Dr. Andrew Money. Selby appeals that decision. We affirm the dismissal.
Plaintiff Kelli Ann Selby was born on May 7, 1974. Dr. Charles Money, a pediatrician, treated her on a regular basis during the next three years. Dr. Money made routine examinations, including tests for skeletal abnormalities. The mother pointed out to Dr. Money that her daughter suffered some difficulties with her left foot and leg. On June 21, 1977, Dr. Money referred the child to an orthopedist, after a *220 routine test for a dislocated hip disclosed nothing. The orthopedist diagnosed a congenital dislocated hip. The child underwent surgery on three separate occasions.
On December 15, 1977, two separate actions were filed under the Alabama Medical Liability Actone in behalf of Kelli Selby, brought by her father Ronald Selby, and the other by Ronald Selby in his own behalf. The complaints alleged negligence by Dr. Money in failing to discover and treat the dislocated hip. Plaintiffs failed to comply with four discovery orders, over a period of one and one-half years, requiring disclosure of expert witnesses to be called at trial. Finally, the actions were consolidated, plaintiffs' expert witness was deposed, and a trial date set. The trial date was postponed twice on the motion of plaintiffs. On Tuesday, September 23, 1980, prior to opening statements, plaintiffs' counsel informed the court of another delay until plaintiffs' medical expert arrived. The trial judge denied plaintiffs' motion for a continuance and ordered plaintiffs' counsel to submit the expert's deposition into evidence and proceed with the trial. Plaintiffs' counsel refused to proceed without a recess or a rearrangement in the order of trial. Defense counsel objected to the delay and moved the court to dismiss for want of prosecution. The motion was granted. The Selbys appeal that decision.
The action presents two basic issues. First, whether the trial judge abused his discretion in denying plaintiffs' motion for a continuance. Second, whether the trial court acted within its proper discretion in dismissing the action pursuant to Rule 41(b), Alabama Rules of Civil Procedure, for failure to prosecute.
It is firmly established in Alabama that continuances are not favored, and therefore the trial court's denial of a motion for a continuance will not be reversed unless palpable or gross abuse of discretion is shown. Perdue v. Mitchell, 373 So.2d 650 (Ala.1979); Johnson Publishing Co. v. Davis, 271 Ala. 474, 124 So.2d 441 (1960). The trial court in the present case refused to grant the motion for a continuance, because the testimony of the absent expert witness could be put into evidence by introducing the witness's deposition. Rule 32(a)(3)(B), ARCP, provides that if a witness is more than one hundred miles from the place of trial the deposition of that witness may be used as substantive evidence against any party represented at the taking of the deposition. The purpose of this rule is to prevent the need for a continuance. See Alabama Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1973).
It was not disputed that the witness was more than one hundred miles from the place of trial. The Selbys were represented at the taking of the deposition and had full opportunity to question the witness. The Selbys introduced no evidence that the witness's testimony would be different at trial. Under these circumstances, the trial judge was justified in denying plaintiffs' motion for a continuance.
A dismissal for want of prosecution is within the discretion and inherent power of the trial court. Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The granting of a dismissal will be reversed only if an abuse of discretion is shown. See Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala.1978); 9 Wright & Miller, Federal Practice & Procedure § 2370 (1976) (2d ed.). Dismissal with prejudice is a harsh sanction and should be used only in extreme circumstances. Nevertheless, in every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits. See Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, on remand, 48 F.R.D. 380, appeal dismissed, 434 F.2d 65 (2d Cir. 1968).
In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d at 661. See, e. g., Boazman v. Economics *221 Laboratory, Inc., 537 F.2d 210 (5th Cir. 1976); Pond v. Braniff Airways, 453 F.2d 347 (5th Cir. 1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir. 1971). "Willful" is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.
The facts of the present case show that plaintiffs' counsel willfully defaulted. The trial court, in light of the numerous delays in discovery and trial, set a final trial date. The court warned the Selbys to be prepared for trial because no further delays would be tolerated. But on the day of trial, plaintiffs' counsel again sought to delay the action until their expert witness could be present. The trial judge denied the continuance, and ordered that the deposition of the witness be admitted and that the trial proceed. Counsel for plaintiffs refused to go on with the trial without the live testimony of the expert witness. As a result of plaintiffs' refusal to proceed, the trial court granted defendant's motion to dismiss. Although plaintiffs knew that the failure to proceed would result in dismissal, they willfully refused to continue with the trial. Under the circumstances, there is ample evidence to infer that plaintiffs' conduct was willful. The trial court's granting of dismissal is appropriate in light of the record of delay and willful failure by the Selbys to continue the proceedings.
The judgment appealed from is therefore affirmed.
AFFIRMED.
TORBERT, C. J., and ALMON and EMBRY, JJ., concur.
ADAMS, J., concurs specially.
ADAMS, Justice (concurring specially):
This dismissal of a lawsuit for want of prosecution is a drastic sanction. In Weatherly v. Baptist Medical Center, 392 So.2d 832 (Ala.1981), we reversed the Circuit Court of Montgomery County in its dismissal of a malpractice suit because the plaintiff had failed to answer interrogatories. In that case we said:
The actions of plaintiff's attorney indicate his good faith efforts to obtain the information sought by defendant. With his client largely incapacitated, the attorney sought the assistance of plaintiff's son to elicit information from the father. Meeting with no success by this route, the attorney sought his client's hospital records for information to answer the interrogatories. This was mostly unsuccessful as well, since defendant produced only a hospital chart and claimed the work product privilege for the remainder of the documents sought. The attorney's motion to compel production of these documents was never ruled on.
Plaintiff's attorney also sought an extension of time to answer the interrogatories because of his client's condition. This was the proper step to take. See Anno., 56 A.L.R.3d 1109, 1117 (1974). Unfortunately, the trial court did not see fit to grant the extension.
The plaintiff in Weatherly did not willfully refuse to respond to defendant's interrogatories. In the instant case, there was a willful refusal to comply with court orders. The trial court, after numerous delays in discovery and trial, had set a final trial date. Plaintiffs' attorney had been warned that no further continuances would be granted. Plaintiffs' expert witness was not available on the day of the trial and counsel for plaintiffs refused to proceed with the trial, absent the expert witness.
Furthermore, in the Weatherly case plaintiff's suit was dismissed while it was still in the discovery stage and within approximately three months from the date it was filed. Plaintiffs in the instant case had been in court for approximately three years. This, coupled with the willful refusal to litigate on the part of the plaintiffs, justified the drastic sanction of dismissal in this case.