The trial court of Montgomery County dismissed taxpayer's appeal of a use tax assessment. The taxpayer appeals the trial court's action and we reverse.
The dispositive issue on appeal is whether the trial court committed reversible error in dismissing the taxpayer's appeal for failure to comply with a local circuit court rule. The pertinent facts are not in dispute.
In June of 1982 the Alabama Department of Revenue made a $47,208.91 assessment for use taxes against the taxpayer, Ryder International Corporation. Within the appropriate period of time, taxpayer filed its notice of appeal from the Department of Revenue's action to the Circuit Court of Montgomery County. The taxpayer did not, however, also file a complaint setting forth the issues presented for review. Under the Local Court Rules of the 15th Judicial Circuit, specifically rules 1 (d)(1)(A) and 1 (e), an appellant's failure to file such a complaint within thirty days from the taking of the appeal may result in a dismissal as provided in rule 41, Alabama Rules of Civil Procedure. It is undisputed that the appellant's failure to file the required complaint stemmed from appellant's Birmingham counsel's ignorance of the trial court's local rules.
In the months following the filing of the notice of appeal taxpayer's attorney conferred with the attorney from the Revenue Department in an attempt to come up with a stipulation of facts and a schedule to be submitted for the trial judge's approval. In the meantime, the trial judge noticed a scheduling conference for October 7, 1982. Because taxpayer's attorney had agreed with the Revenue Department concerning a proposed case schedule, he decided not to attend the scheduling conference and instead asked the Department of Revenue attorney to present the parties' proposed schedule to the judge. At the conference the trial judge, on his own motion, dismissed the appeal for appellant/taxpayer's failure to file the complaint required under the local rule.
Upon receiving notice of the trial court's action, the taxpayer immediately filed the required complaint, a motion for reconsideration, and an affidavit explaining that the oversight was due to out-of-town counsel's ignorance of the local rules. The motion *Page 164 
for reconsideration was denied. (We note that when the trial court dismissed taxpayer's appeal the statutory 30-day time limit on administrative appeals had already expired. See
Ala. Code § 40-2-22 (1975). Therefore, the trial court's action effectively denied taxpayer the opportunity to contest the use tax assessment. See Burden v. Yates, 644 F.2d 503 (5th Cir. 1981).
The relevant portions of the local rule here at issue are as follows:
 "LOCAL RULE 1. REVIEW, OTHER THAN DE NOVO OF GOVERNMENTAL ACTION
". . . .
 "(d)(1)(A) Appeals. Where the method of review is by way of appeal the Plaintiff-Appellant shall serve his complaint within thirty (30) days from the taking of the appeal. The Defendants-Appellees shall serve their Answers within thirty (30) days after service of the complaint.
". . . .
 "(e) Sanctions. Failure to comply with this rule may result in a dismissal as provided in Rule 41, A.R.C.P., or a default judgment as provided in Rule 55, A.R.C.P."
A similar local rule dealing with appeals from the Alabama Public Service Commission has been construed so as to make the dismissal sanction discretionary with the trial court. SeeAlabama Public Service Commission v. Redwing Carriers, Inc.,281 Ala. 111, 199 So.2d 653 (1967).
The general rule is that a court may, pursuant to rule 41 (b) and its inherent powers, dismiss an action for a party's failure to prosecute or to comply with court rules or orders.See, e.g., Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386,8 L.Ed.2d 734 (1962); Selby v. Money, 403 So.2d 218 (Ala. 1981);Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala. 1978). However, a dismissal with prejudice sanction, such as we in effect have in the instant appeal, is drastic and should be ordered only in extreme situations involving willful or contumacious conduct. Id.
Finding no prejudice to the Revenue Department from the appellant's failure to timely comply with the local rule and because it is undisputed that taxpayer was diligently prosecuting this action, that the error was accidental due to out-of-town counsel's ignorance of local rules, and that taxpayer demonstrated an immediate willingness to file the required complaint when made aware of the rule, we must find the trial court's action to constitute an abuse of discretion.See Selby v. Money, 403 So.2d 218, 220 (Ala. 1981). However, our action should not be construed as either condoning attorney ignorance of local court rules or barring dismissals under more compelling facts.
REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THE ABOVE.
All the Judges concur.