EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a paternity case.
The complaint was filed in September 1984. The North Carolina laboratory reports as to the blood tests of the parties were filed in July 1985. The defendant’s appeal from the juvenile court to the circuit court was perfected in October 1985, with a jury trial being demanded. In August 1986, the plaintiffs, the mother and the child, sought leave from the circuit court to take the deposition of a Mrs. Perry, an employee of the blood testing laboratory in North Carolina, as to the chain of custody of the blood samples which had been extracted from the mother, the child, and the defendant. Mrs. Perry could not travel to Alabama at that time for the scheduled trial because of her physical condition. That motion was denied by the trial court on October 22, 1986. No further discovery by any means was ever attempted by the plaintiffs.
Between October 22, 1986, and April 6, 1987, the jury trial of the case was continued on three or four trial dates over the objection of the defendant and at the request of the plaintiffs because of the inability of one or more witnesses from the North Carolina laboratory to be available in Alabama for the trial of the case.
When the case was called for trial on April 6, 1987, the plaintiffs requested a continuance for the fourth or fifth time for the same reason, absent witnesses. The defendant objected to a continuance and moved for a dismissal. The trial court dismissed the case with prejudice on that date.
After the plaintiffs’ motion to reconsider was denied by the trial court, the plaintiffs timely appealed, and they argue, through able counsel, that the trial court abused its discretion in entering the dismissal order of April 6, 1987.
A continuance is not favored and an appellate court will not reverse a trial court’s denial of a motion for a continuance unless palpable or gross abuse of discretion is shown. Selby v. Money, 403 So.2d 218 (Ala.1981). One of the guidelines to be considered in deciding whether the absence of a witness warrants a continuance is that due diligence must have been exercised by the movant either to secure the presence of the absent witness or to obtain his evidence. Van Buren v. Dendy, 440 So.2d 1012, 1014 (Ala.1983); Mitchell v. Moore, 406 So.2d 347, 350 (Ala.1981). The only attempt at discovery by the plaintiffs was through their motion to take the telephone deposition of Mrs. Perry. After that motion was denied by the trial court on October 22, 1986, the plaintiffs did not attempt any discovery of any North Carolina witness by any method, and the case was continued several times over the next six months at the plaintiffs’ insistence because of those absent out-of-state witnesses. Under those circumstances, we cannot hold that due diligence was exercised by the plaintiffs to secure the evidence of the absent witnesses. Mitchell, 406 So.2d at 350-51. The trial court did not abuse its discretion in denying the plaintiffs' request for a continuance.
We next consider whether the trial court acted within its proper discretion in dismissing the paternity action with prejudice under Rule 41(b) of the Alabama Rules of Civil Procedure.
*9 It is within the discretion and power of a trial court to dismiss a case for want of prosecution, and an appellate court will reverse the granting of a dismissal only for a clear abuse of that discretion. While a dismissal with prejudice is harsh and should be used only in extreme circumstances, a point is reached where the control of a trial calendar, especially in the event of scheduled jury trials, and the risk to, and rights of, the defendant justify a dismissal with prejudice. One of the circumstances when a dismissal on the merits is justified is when “there is a clear record of delay ... by the plaintiff.” Selby, 403 So.2d at 220. Since that ground clearly applies to this case, the trial court did not abuse its discretion, and its order dismissing this civil action with prejudice was proper.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.