Annie Anderson filed an action to quiet title to certain real property located in Jefferson County. The original complaint, filed in June 1984, named G G Corporation as the only defendant. However, the complaint was amended in December 1984, and again in February 1986, to include Gerry McIntyre and James C. Haynes and Judy M. Haynes as co-defendants. The Hayneses were served with the complaint in August 1987, and McIntyre was served in November 1988. The original plaintiff, Annie Anderson, died in June 1988, and the trial court allowed the action to proceed with the substitution of Anderson's personal representative, Willie Henderson, as the plaintiff.
In April 1990, the Hayneses filed a motion for summary judgment, and the trial court set a hearing on the motion for May 29, 1990. Notice of the hearing was given to both parties on May 9, 1990. However, neither Henderson nor his counsel appeared at the hearing. Thereafter, the trial court dismissed the case for want of prosecution, and Henderson appealed.
Henderson's first argument on appeal is that the trial judge in this case had testified against Henderson's attorney in an unrelated proceeding while the present case was pending, and that because of his testimony, the trial judge should have recused himself on the grounds that his impartiality was impaired by his allegedly biased opinion of the appellant's counsel.
Recusal is required where facts are shown that make it reasonable for a party or for opposing counsel to question the impartiality of the judge. Acromag-Viking v. Blalock,420 So.2d 60 (Ala. 1982). However, recusal is not required by the mere accusation of bias unsupported by substantial evidence. Ross v.Luton, 456 So.2d 249 (Ala. 1984).
We further note that there is a presumption that a judge is qualified and unbiased, and that one alleging to the contrary has a substantial burden of proof. Banks v. Corte,521 So.2d 960 (Ala. 1988). The test for recusal is whether a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would conclude that there is a reasonable basis for questioning the judge's impartiality.Acromag-Viking v. Blalock, supra.
In the present case, the act that Henderson asserts evidenced a bias or prejudice against his attorney was the trial judge's testimony against the attorney in a proceeding that was unrelated to this case. While Henderson asserts that the trial judge testified that he would not believe this attorney under oath, the trial judge points out in his order denying the motion for recusal that the testimony in question was given in a situation wherein he was required to state whether he believed either the sworn statement of Henderson's attorney or the sworn statement of another attorney.
According to the trial judge, the other attorney had filed an affidavit stating that Henderson's attorney had failed to present a client for a court-ordered deposition. Henderson's attorney responded to the allegations by filing a counteraffidavit, wherein he stated that he and the client had been present at the designated time. The trial judge stated that, based on the facts and circumstances presented in that situation, he believed the other attorney rather than Henderson's attorney.
While the evidence in the present case indicates that the trial judge on one occasion found another attorney to be more credible than Henderson's attorney, there is nothing before us, other than a ruling adverse to Henderson, indicating that the trial judge was biased or prejudiced against Henderson's attorney in this particular proceeding. Adverse rulings during the course of proceedings are not by themselves sufficient to establish bias and prejudice *Page 531 
on the part of a judge. Matter of Sheffield, 465 So.2d 350
(Ala. 1984). Therefore, we find no error in the trial court's denial of the motion to recuse.
The second issue raised by Henderson is whether the trial court abused its discretion in dismissing this case.
Initially, we note that Rule 41(b), A.R.Civ.P., provides that an action may be dismissed "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." The rule further states that unless the trial court's order of dismissal specifies otherwise, that order "operates as an adjudication upon the merits." This Court has previously recognized Rule 41(b) as giving the trial court the power to act sua sponte to dismiss an action for want of prosecution.Atkins v. Shirley, 561 So.2d 1075 (Ala. 1990); Riddlespriggerv. Ervin, 519 So.2d 486 (Ala. 1987); Cassady v. MontgomeryCounty Bd. of Educ., 496 So.2d 764 (Ala. 1986).
Although dismissal with prejudice is a harsh sanction that should be used only in extreme circumstances, there nevertheless comes a point in every action when the interest of the trial court in controlling its calendar and its interest in avoiding risk to the defendant outweigh the interest in disposing of litigation on the merits. Selby v. Money,403 So.2d 218 (Ala. 1981). Furthermore, the dismissal of a case for failure to prosecute is an act that is within the discretion and inherent power of the trial court, and the trial court's action will be reversed only for an abuse of that discretion.Selby v. Money, supra.
Here, we find no evidence in the record indicating an abuse of discretion by the trial court in dismissing the plaintiff's action. To the contrary, we observe that the trial court's order dismissing the suit followed the plaintiff's failure to appear at a hearing on a motion for summary judgment that had been filed by one of the defendants. The record also reveals that the plaintiff's failure to appear was coupled with the fact that at the time of the dismissal the suit had been pending in the trial court for almost six years, and the case action summary indicates several instances in which more than six months had passed with no action whatever being taken with regard to the case. Furthermore, the record shows that the trial court warned the parties, by way of four different "30 day" orders, that continued inaction would result in the dismissal of the case. In light of this, we find no abuse by the trial court in its dismissal of the plaintiff's action for want of prosecution.
Because we find no error in the trial court's denial of the motion to recuse and no abuse of discretion in its dismissal of the plaintiff's action, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.