HORNSBY, Chief Justice.
The plaintiff appeals from a judgment dismissing its ease for want of prosecution. We reverse and remand.
On March 10, 1992, Mount Airy Insurance Company (“Mount Airy”) sued Regena Gray to recover $39,921.86 paid to Gray’s former employer on a fidelity bond. The parties *647 began negotiations to settle the case and eventually informed the trial court that they had settled it. Pursuant to that report, the trial court on February 11, 1993, reset the trial for March 25, 1993.
After the continuance, the lawyer representing Mount Airy moved his practice. As a result of errors in the transition between lawyers, Mount Airy failed to receive notice of, and failed to respond to, new appearance dates set by the trial court. On August 5, 1993, the trial court dismissed the case for want of prosecution. After Mount Airy discovered the dismissal, it moved on August 27, 1993, for reinstatement of the case, arguing that the dismissal was the result of the excusable neglect on the part of its lawyers. On September 3, 1993, the trial court scheduled the motion for reinstatement for further hearing on September 22, 1993. On October 13, 1993, the trial court entered an order stating:
“The court, from the Bench, indicated the Court would hold ruling on the Motion to Reinstate for two weeks from September 22, 1993 in order for the parties to effect the settlement that had been indicated. No documentation of a settlement or indication from the parties has reached this Court or been brought to the attention of the undersigned Judge as of this October 12,1993. Accordingly, the Motion to Reinstate is Denied.”
On appeal, Mount Airy argues that the plain intent of the trial court was to allow the parties a additional two weeks to “effect the settlement.” However, Mount Airy argues that absent a reinstatement of the case there was nothing to settle and that the trial court’s grant of additional time to effect a settlement was a nullity. That is, it argues that because the case had already been dismissed, the defendant had no basis or incentive to agree to a settlement. We agree.
Rule 41(b), Ala.R.Civ.P. provides that an involuntary dismissal “operates as an adjudication upon the merits.” The effect of the trial court’s dismissal was to remove any likelihood of recovery by Mount Airy absent a reinstatement of the case, for so long as the case was dismissed, Gray could not be subject to liability for Mount Airy’s claim. There was no legal controversy between the parties that could be subject to settlement.
As we have held before, dismissal is a drastic sanction that should be employed only in extreme situations, generally situations involving wilful conduct by the plaintiff. Cabaniss v. Wilson, 501 So.2d 1177 (Ala. 1986); Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala.1978). The record indicates that the trial court did not intend to employ this sanction without giving Mount Airy another opportunity to remedy its omission. Unfortunately, absent a reinstatement of the cause, the additional time provided by the trial court gave Mount Airy no opportunity at all. Accordingly, we reverse the judgment of dismissal and remand this cause for reinstatement so that there will be a pending case for the parties to litigate or settle, as the circumstances warrant.
REVERSED AND REMANDED.
ALMON, SHORES, HOUSTON, INGRAM and COOK, JJ., concur.