Wal-Mart Stores, Inc., has appealed by permission from a circuit court's interlocutory order denying its motion to dismiss an action brought by Kathy and Bobby Caples arising from an alleged slip and fall. Wal-Mart contends that the plaintiffs' claims had been presented in an earlier action that was dismissed for failure of the plaintiffs to prosecute and that the dismissal of that first action operates as an adjudication on the merits and bars this present action. The Capleses defend the trial court's order only by asserting that this appeal was untimely filed. The questions presented are whether the appeal is timely and, if so, whether the circuit court erred in denying Wal-Mart's motion to dismiss.
The Capleses filed their first action on January 9, 1992, alleging that Kathy Caples had slipped and fallen in a Wal-Mart store in Dothan, Alabama. On December 17, 1992, Circuit Judge Crespi dismissed the case, sua sponte, for want of prosecution, because the Capleses' attorney had failed to appear at the docket call and at the trial, without notifying or otherwise contacting the court. The Capleses appealed the dismissal to this Court. This Court dismissed their appeal ex mero, motu on April 7, 1993, because it had not been timely filed. The correctness of the dismissal of the Capleses' original action against Wal-Mart for failure to prosecute is not presented in this appeal. That dismissal became final when the Capleses failed to take a timely appeal.
On June 1, 1993, the Capleses filed another action against Wal-Mart based on the same alleged slip and fall. Wal-Mart moved to dismiss the complaint pursuant to Rule 41(b), Ala.R.Civ.P., on the ground that Judge Crespi's earlier dismissal was an adjudication on the merits. Circuit Judge Holloway set the motion for an oral hearing and then, on September 21, 1993, entered on the case action summary a signed notation denying the motion to dismiss. On November 12, 1993, Judge Holloway issued a written order explaining why he had denied the motion. The order stated that, under Rule 41(b), Ala.R.Civ.P., for the dismissal in the prior action to be with prejudice it would have had to be based on a motion of the defendant, not on the court's own motion. The rendition of this order was entered on the case action summary. On November 24, 1993, Wal-Mart filed with this Court a petition for permission to appeal the order of November 12. The Capleses did not respond to the petition. This Court granted the petition on January 11, 1994, and Wal-Mart filed its notice of appeal on January 24, 1994.
The Capleses assert that Wal-Mart's appeal from the interlocutory order was untimely. They argue that the September 21 entry on the case action summary sheet, not the November 12 explanatory order, commenced the running of the period in which Wal-Mart could file a petition for permission to appeal. Rule 5, Ala.R.App.P., controls the timeliness question in this case. Rule 5(a) states in pertinent part:
 "Petition for permission to appeal. A party may request permission to appeal from an interlocutory order in civil actions under limited circumstances. . . . The petition for permission to appeal shall be filed with the clerk of the supreme court within 14 days (two weeks) after the entry of the interlocutory order in the trial court with a certificate of service on all other parties to the action in the trial court. In the event an interlocutory order is amended, *Page 1330 
permission to appeal may be sought within 14 days (two weeks) after entry of the order as amended."
Ala.R.App.P. 5(a).
The November 12 order amended the initial September 21 order by giving the circuit court's reasons for denying the motion. Wal-Mart filed its petition 12 days after the November 12 amended order. Thus, Wal-Mart's interlocutory appeal is timely under the last sentence of Rule 5(a).
The circuit court based its denial of Wal-Mart's motion to dismiss upon the fact that in the first action the dismissal for failure to prosecute was entered on the court's own motion. The circuit court held that the second action could not be barred by Rule 41(b), Ala.R.Civ.P., unless thedefendant had made the motion to dismiss in the first action. This interpretation is incorrect. Rule 41(b) states in pertinent part:
 "Involuntary dismissal: Effect thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."
Ala.R.Civ.P. 41(b). This Court has held that a court possesses the inherent power to act sua sponte to dismiss an action for failure of the plaintiff to prosecute. Burdeshaw v. White,585 So.2d 842 (Ala. 1991); Selby v. Money, 403 So.2d 218 (Ala. 1981);Smith v. Wilcox County Board of Education, 365 So.2d 659
(Ala. 1978). Such a dismissal, unless otherwise specified in the order, operates as an adjudication on the merits. Ala.R.Civ.P. 41(b); Henderson v. G G Corp., 582 So.2d 529 (Ala. 1991). TheHenderson case states:
 "Initially, we note that Rule 41(b), A.R.Civ.P., provides that an action may be dismissed 'for failure of the plaintiff to prosecute or to comply with these rules or any order of court.' The rule further states that unless the trial court's order of dismissal specifies otherwise, that order 'operates as an adjudication upon the merits.' This Court has previously recognized Rule 41(b) as giving the trial court the power to act sua sponte
to dismiss an action for want of prosecution.
 "Furthermore, the dismissal of a case for failure to prosecute is an act that is within the discretion and inherent power of the trial court, and the trial court's action will be reversed only for an abuse of that discretion."
582 So.2d at 531 (citations omitted). In the first action, the trial judge had the inherent power to act, within the bounds of discretion, to dismiss on the court's own motion the Capleses' action for failure to prosecute, such dismissal acting under Rule 41(b) as an adjudication on the merits.
The Capleses make no argument other than their argument that this appeal is not timely. For the reasons stated, Wal-Mart's petition for permission to appeal was timely and the motion to dismiss this second action was not due to be denied simply because the dismissal of the original action came on the court's own motion. The original dismissal operated as an adjudication on the merits, and it bars this action under the principle of res judicata. Averett v. Powell, 260 Ala. 158,69 So.2d 278 (1953). Thus, it was error for the circuit court to deny Wal-Mart's motion to dismiss this action.
REVERSED AND REMANDED.
SHORES, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 1331