784 So.2d 1030 (1999)
James R. EVANS, Sr.
v.
COURTAULDS FIBERS, INC.
2971386.
Court of Civil Appeals of Alabama.
April 30, 1999.
Rehearing Denied June 25, 1999.
Christopher E. Peters and J. Gregory Evans of Cherry, Givens, Peters & Lockett, P.C., Mobile, for appellant.
Cooper C. Thurber and William E. Shreve, Jr., of Lyons, Pipes & Cook, P.C., Mobile, for appellee.
YATES, Judge.
On April 7, 1998, James R. Evans, Sr., sued Courtaulds Fibers, Inc., seeking workers' compensation benefits for an alleged occupational disease. Courtaulds moved for a summary judgment, arguing as grounds for that motion the doctrine of res judicata. On August 10, 1998, the trial court entered a summary judgment in favor of Courtaulds, holding that Evans's claim was barred by res judicata. Evans appealed.
Evans and 23 other plaintiffs sued Courtaulds on December 20, 1993. The plaintiffs alleged in their complaint that they had contracted an occupational disease after continued on-the-job exposure to hazardous chemicals. On February 2, 1994, Courtaulds answered. On March 4, 1994, the plaintiffs amended their complaint to add five more plaintiffs, making the total number of plaintiffs 29. On March 29, 1994, the plaintiffs filed a motion for a scheduling conference. On September 16, 1994, Courtaulds filed an amended answer. On October 11, 1994, Courtaulds filed a "motion to delay," which was granted. On *1031 February 15, 1995, the plaintiffs' original attorneys withdrew. On March 21, 1995, the plaintiffs' new attorneys filed a motion to stay proceedings on the complaint pending the outcome of a third-party action.
On Thursday, May 18, 1995, Judge Robert Key entered the following order:
"Whereas, the plaintiffs filed a Motion to Stay this litigation pending the outcome of a third-party [action] ... brought by some of the Plaintiffs against AKZO, et al., for the same injuries claimed in this [action]; and
"Whereas, the Court denied that Motion to Stay on April 4, 1995, in chambers with attorneys for both sides present; and
"Whereas, the Court orally instructed the Plaintiffs to name a substitute plaintiff for trial purposes on or before April 7, 1995; and
"Whereas, the Plaintiffs' attorney orally advised the Court of his intention to dismiss this case without prejudice rather than name a substitute Plaintiff for trial purposes; and
"Whereas, the Plaintiffs' attorney requested thirty (30) days to accomplish the dismissal of this [case]; and
"Whereas, the thirty (30) day period requested by the Plaintiffs' attorney to accomplish the dismissal of this case passed on May 8, 1995, and the Court has not heard further from the plaintiffs' attorney, and the Plaintiffs' attorney has not designated a substitute plaintiff for trial purposes; Now, therefore,
"It is the order of this Court that this case is hereby dismissed with each party to bear its own costs."
We note that on Monday, May 22, 1995, four days after the dismissal of the action, the Mobile County circuit clerk's office received the plaintiffs' motion to voluntarily dismiss the action.
On April 7, 1998, Evans filed a second complaint for workers' compensation benefits, seeking compensation from Courtaulds for the same occupational disease for which he had sought benefits in the 1993 action. In the action now before us, Judge Joseph Johnston, reviewing Judge Key's order, held that the dismissal was an involuntary dismissal under Rule 41(b), Ala. R. Civ. P., for failure to comply with Judge Key's order. However, nothing in Judge Key's order states that the dismissal was entered pursuant to Rule 41(b) or that the dismissal was "with prejudice." Judge Johnston assumed that it was entered pursuant to Rule 41(b). However, it is just as likely that Judge Key dismissed the case pursuant to the oral motion of the plaintiffs' attorneys to voluntarily dismiss the case without prejudice. We note that Rule 41(a)(2) provides, regarding voluntary dismissals, that "unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."
Moreover, caselaw from the Alabama Supreme Court would support a conclusion that the dismissal was without prejudice, because the facts in this case do not indicate willful delay, want of prosecution, or contumacious conduct by the plaintiffs. In Smith v. Wilcox County Board of Education, 365 So.2d 659 (Ala.1978), the supreme court reversed the trial court's order dismissing the case under Rule 41(b) for want of prosecution. The Smith court noted that, generally, the trial court has the authority to act sua sponte to dismiss an action for want of prosecution, but that dismissal of an action with prejudice is appropriate only in an extreme situation. In Smith, the plaintiff sued in 1966, and the defendant answered and a subpoena duces tecum was executed in 1966; however, no further action was taken until 1973. The supreme court held that for the dismissal to be proper the plaintiffs conduct must mandate the dismissal, but found that there was no showing of contumacious *1032 conduct, no serious showing of willful delay, and no clear record of delay.
The trial court, in Ryder Int'l Corp. v. State, 439 So.2d 162 (Ala.Civ.App.1983), on its own motion, dismissed the action pursuant to Rule 41(b) for the appellant's failure to comply with a local court rule. This court reversed, noting:
"The general rule is that a court may, pursuant to Rule 41(b) and its inherent powers, dismiss an action for a party's failure to prosecute or to comply with court rules or orders. However, a dismissal with prejudice sanction, such as we in effect have in the instant appeal, is drastic and should be ordered only in extreme situations involving willful or contumacious conduct."
Id. at 164 (citations omitted).
In Burdeshaw v. White, 585 So.2d 842 (Ala.1991), the plaintiff's attorneys failed to appear at a summary judgment hearing and waited 10 months before attempting to reschedule the hearing. The trial court entered a summary judgment for the defendants, noting the failure of the plaintiff's attorneys to appear and their failure to file anything for 10 months. The defendants in Burdeshaw argued that the summary judgment was proper under Rule 41(b). The supreme court held that the summary judgment could not be supported on the basis of a want of prosecution. Justice Houston, writing for the court, stated:
"The entry of a judgment for a defendant as a matter of law for want of prosecution is a drastic sanction. The general rule, of course, is that a court has the inherent power to act sua sponte to dismiss an action for want of prosecution. However, because dismissal, or, as here, the entry of a summary judgment, is such a drastic sanction, it is to be used only in extreme situations. Accordingly, this Court carefully scrutinizes any order terminating an action for want of prosecution, and it does not hesitate to set one aside when an abuse of discretion is found."
Id. at 847.
In Wal-Mart Stores, Inc. v. Caples, 646 So.2d 1328 (Ala.1994), the supreme court held that a trial court may, sua sponte, dismiss an action for failure to prosecute. The supreme court held that the trial court properly dismissed the case for want of prosecution where the plaintiff's attorney "failed to appear at the docket call and at the trial, without notifying or otherwise contacting the court." 646 So.2d at 1329. Certainly, a plaintiff's failure to appear for trial is grounds for dismissal, and a dismissal entered on that basis is deemed to be an adjudication on the merits because in such a case the plaintiff had a full opportunity to litigate the merits and chose not to accept the opportunity. The defendant had to prepare for trial and should not have to go through that preparation a second time just because the plaintiff failed to appear at trial the first time. No such deliberate conduct occurred in this present case.
Judge Johnston abused his discretion in finding that the dismissal had been entered pursuant to Rule 41(b) for failure to comply with the court's order. The plaintiffs' attorney asked for a voluntary dismissal. Tellingly, Courtaulds did not object to the voluntary dismissal, nor did it argue that the case should be involuntarily dismissed. Judge Key gave the plaintiffs 30 days to accomplish the dismissal, and when the 30 days had elapsed he dismissed the case.
Giving a dismissal the effect of "adjudication on the merits," for want of prosecution or for failure to comply with the rules or court orders, requires extreme caution, which was not exercised in this case. Evans should not be forever barred from litigating the merits of his case, because *1033 the uncertainty of the order and the lack of contumacious conduct provide justification for holding that the dismissal was not an adjudication on the merits. Therefore, the judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE J., concur.
THOMPSON, J., dissents.
CRAWLEY, J., recuses himself.
THOMPSON, Judge, dissenting.
Judge Johnston dismissed Evans's second action, stating that "the case was dismissed... on May 18, 1995, pursuant to Rule 41(b), Ala. R. Civ. P., for failure to adhere to a Court Order and [therefore, the dismissal] was a dismissal with prejudice." Judge Key's detailed May 18, 1995, order provided in part:
"Whereas, the thirty (30) day period requested by the Plaintiffs' attorney to accomplish the dismissal of this case passed on May 8, 1995, and the Court has not heard further from the plaintiffs' attorney, and the Plaintiffs' attorney has not designated a substitute plaintiff for trial purposes; Now, therefore,
"It is the order of this Court that this case is hereby dismissed with each party to bear its own costs."
I believe Judge Johnston correctly determined that Judge Key's 1995 dismissal of the workers' compensation action was with prejudice. For that reason, I must respectfully dissent.
Rule 41(b), Ala. R. Civ. P., reads:
"(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule ... operates as an adjudication upon the merits."
(Emphasis added.) Cases interpreting Rule 41(b) have held that the trial court has the inherent power to act sua sponte to dismiss an action. Wal-Mart Stores, Inc. v. Caples, 646 So.2d 1328, 1330 (Ala. 1994); Burdeshaw v. White, 585 So.2d 842, 847 (Ala.1991); and Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990). A trial court may also, pursuant to Rule 41(b), dismiss an action for a party's failure to comply with court rules or orders. Ryder Int'l Corp. v. State, 439 So.2d 162, 164 (Ala.Civ. App.1983), citing Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); and Smith v. Wilcox County Bd. of Educ., 365 So.2d 659 (Ala.1978). An involuntary dismissal under Rule 41(b), Ala. R. Civ. P., operates as an adjudication upon the merits and is a final judgment, unless otherwise specified. Tuscaloosa City Bd. of Educ. v. Roberts, 440 So.2d 1058, 1061 (Ala.1983); Hayden v. Harris, 437 So.2d 1283, 1285 (Ala.1983); and Bibb v. Boyd, 417 So.2d 206, 207 (Ala.Civ.App.1982).
Judge Johnston determined that Judge Key had dismissed the 1993 action because the plaintiffs had failed to comply with the trial court's order to substitute a plaintiff for trial purposes and had failed to follow through on their attorney's expressed intention to file a motion for a voluntary dismissal. This court has held that a trial court has inherent power to interpret, implement, or enforce its judgment. Patton v. Cumberland Lake Country Club, 703 So.2d 376 (Ala.Civ.App.1997). "Moreover, `[i]f there is uncertainty in a judgment the court must construe it so as to express the intent of the trial judge, which intent can be derived from the provisions of the judgment.'" Id. at 380 (citations omitted).
*1034 Nothing in the record indicates that the plaintiffs in the 1993 workers' compensation action made an oral motion to dismiss that action or requested a voluntary dismissal before Judge Key entered the May 18, 1995, order dismissing the action. Rather, the plaintiffs' attorney announced his intention to dismiss the action and requested 30 days in which to file his motion to dismiss. The attorney's request for a voluntary dismissal was first made four days after Judge Key had already entered his order dismissing the action. This court has held that it can be inferred from the record that a trial court dismissed a case with prejudice, if neither the plaintiff nor the defendant timely filed a motion for dismissal pursuant to Rule 12(b) or Rule 41(a), Ala. R. Civ. P. Coulter v. Stewart, 726 So.2d 726 (Ala.Civ.App. 1999); and Hodge v. R & R Movers, 716 So.2d 740, 741 (Ala.Civ.App.1998).
The majority's opinion reasons that Alabama caselaw "would support a conclusion that the dismissal was without prejudice, because the facts in this case do not indicate willful delay, want of prosecution, or contumacious conduct by the plaintiffs." 784 So.2d at 1031. However, the merits of Judge Key's order dismissing the 1993 action are not before this court for review. That dismissal was a final judgment, and Evans failed to appeal it.
Because I would affirm the trial judge's order, I must respectfully dissent.