YATES, Judge.
On December 19, 1997, Johnette Brown sued Courtaulds Fibers, Inc., seeking workers’ compensation benefits and accrued medical expenses for an alleged occupational disease. Courtaulds moved for a summary judgment, arguing as grounds for that motion the applicable statute of limitations on claims for workers’ compensation benefits. On August 10, 1998, the trial court entered a summary judgment in favor of Courtaulds, holding that Brown’s claim was barred by the applicable statute of limitations and also by the doctrine of res judicata. Brown appealed.
The trial court correctly entered the summary judgment, based on the statute of limitations, regarding Brown’s claim for workers’ compensation benefits pursuant to § 25-5-80, Ala.Code 1975, and Brown does not argue on appeal that this ruling was in error in regard to her claim for workers’ compensation benefits. However, there is no statute of limitations on claims for accrued medical expenses. See, Ex parte Tuscaloosa County, 522 So.2d 782 (Ala.1988). The question thus becomes whether Brown’s claim for accrued medical expenses is barred by res judicata.
Brown was one of 29 plaintiffs who, in 1993, sued Courtaulds, seeking benefits for an alleged occupational disease contracted from their continued on-the-job exposure to hazardous chemicals.[1] That action was later dismissed by the trial court. In December 1997, Brown again sought benefits from Courtaulds for the same occupational disease originally alleged in the 1993 action.
Evans v. Courtaulds Fibers, Inc., 784 So.2d 1030 (Ala.Civ.App.1999), involved an appeal by another of the original 29 plaintiffs in the 1993 action against Courtaulds. In that case, this court reversed the summary judgment in favor of Courtaulds, holding that the trial court abused its discretion in determining that the 1993 dismissal was with prejudice and that any subsequent action was therefore barred by the' doctrine of res judicata.
Based on the authority of Evans, we reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J, and MONROE, J., concur.
THOMPSON, J., dissents.
CRAWLEY, J., recuses himself.

. Brown and 23 other plaintiffs sued Cour-taulds; they later amended their complaint to add 5 additional plaintiffs.