On December 20, 1993, James R. Evans, Sr., Johnette Brown, and 22 other plaintiffs filed a workers' compensation action, alleging that they had developed an occupational disease caused by exposure to chemicals while working for Courtaulds Fibers, Inc.[1] Courtaulds denied compensation, *Page 1037 
arguing that the plaintiffs' injuries were not job-related. The plaintiffs filed a motion to stay the workers' compensation proceedings pending the disposition of a third-party tort action that some of the plaintiffs had filed against Courtaulds PLC (an indirect parent company of Courtaulds), Akzo Chemical Company, and Survivair, Inc., in which they sought damages for the same injuries as those alleged in their workers' compensation action.
The 1993 workers' compensation case was assigned to Judge Robert E.L. Key. Judge Key set the case for trial and continued it two or three times. Because of the number of plaintiffs, Judge Key ordered an initial trial of the claims of 7 of the 29 plaintiffs — three plaintiffs named by plaintiffs' counsel, three named by defense counsel, and one randomly selected by the court. Problems arose when (a) Judge Key declined to stay further proceedings pending the disposition of the plaintiffs' third-party tort action and (b) plaintiffs' counsel became dissatisfied with the quality of proof available as to the claims of one of the plaintiffs who had been designated for the first trial. Plaintiffs' counsel dealt with the latter issue by dismissing with prejudice the claims of those plaintiffs whose cases shared this deficiency in proof. Judge Key, having denied the plaintiffs' motion to stay, entered an order requiring plaintiffs' counsel to name an additional plaintiff for trial. At this stage of the proceedings, a voluntary dismissal without court approval was unavailable, because Courtaulds had served an answer. See Rule 41(a)(1)(i), Ala.R.Civ.P. Judge Key's subsequent dismissal order recites that the plaintiffs' counsel, after learning that his motion for a stay had been denied, stated in chambers that he would prefer to dismiss the entire action without prejudice rather than comply with Judge Key's outstanding order to identify an additional plaintiff for trial. Judge Key responded by allowing 30 days for plaintiffs' counsel to effectuate a voluntary dismissal. The plaintiffs neither named an additional plaintiff for trial nor dismissed the entire action without prejudice within the 30-day period; the trial court, sua sponte, dismissed the action. Judge Key's order of dismissal, dated May 18, 1995 — 10 days after the expiration of the 30-day period — states:
 "Whereas, the Plaintiffs filed a Motion to Stay this litigation pending the outcome of a third party suit (CV-93-4079) brought by some of the Plaintiffs against AKZO, et al., for the same injuries claimed in this suit; and
 "Whereas, the Court denied that Motion to Stay on April 4, 1995, in chambers with attorneys for both sides present; and
 "Whereas, the Court orally instructed the Plaintiffs to name a substitute Plaintiff for trial purposes before April 7, 1995; and
 "Whereas, the Plaintiffs' attorney orally advised the Court of his intention to dismiss the case without prejudice rather than name a substitute Plaintiff for trial purposes; and
 "Whereas, the Plaintiffs' attorney requested thirty (30) days to accomplish the dismissal of this case; and
 "Whereas, the thirty (30) day period requested by the Plaintiffs' attorney to accomplish the dismissal of this case passed on May 8, 1995, and the Court has not heard further from the Plaintiffs' attorney, and the Plaintiffs' attorney has not designated a substitute plaintiff for trial purposes; Now, therefore,
 "It is the order of this Court that this case is hereby dismissed with each party to bear its own costs."
On May 22, 1995, four days after the trial court had entered its order of dismissal, plaintiffs' counsel filed a "voluntary *Page 1038 
motion to dismiss without prejudice." The trial court took no action on this motion. The plaintiffs did not appeal the trial court's order of dismissal.
 I. Procedural History of Evans's Case
On April 7, 1998, Evans filed another workers' compensation action against Courtaulds, alleging the same injuries he had alleged in the 1993 action. The 1998 workers' compensation action was assigned to Judge Joseph Johnston. Courtaulds moved for a summary judgment, contending that Judge Key's dismissal of the 1993 action barred Evans's 1998 action, by the doctrine of res judicata. Judge Johnston entered a summary judgment for Courtaulds, concluding that the dismissal of the previous action was an involuntary dismissal with prejudice, pursuant to Rule 41(b), Ala.R.Civ.P., and thus constituted an adjudication on the merits, for purposes of the doctrine of res judicata.
The Court of Civil Appeals reversed the summary judgment entered in favor of Courtaulds. It found that Judge Key had dismissed the 1993 action without prejudice; the Court of Civil Appeals stated that "it is just as likely that Judge Key dismissed the case pursuant to the oral motion of the plaintiffs' attorneys to voluntarily dismiss the case without prejudice." Evans v.Courtaulds Fibers, Inc., 784 So.2d 1030, 1031 (Ala.Civ.App. 1999).
Judge Thompson dissented from the Court of Civil Appeals' majority opinion, stating:
 "Judge Johnston dismissed Evans's second action, stating that `the case was dismissed . . . on May 18, 1995, pursuant to Rule 41(b), Ala.R.Civ.P., for failure to adhere to a Court Order and [therefore, the dismissal] was a dismissal with prejudice.' Judge Key's detailed May 18, 1995, order provided in part:
 "`Whereas, the thirty (30) day period requested by the Plaintiffs' attorney to accomplish the dismissal of this case passed on May 8, 1995, and the Court has not heard further from the plaintiffs' attorney, and the Plaintiffs' attorney has not designated a substitute plaintiff for trial purposes; Now, therefore,
 "`It is the order of this Court that this case is hereby dismissed with each party to bear its own costs.'
 "I believe Judge Johnston correctly determined that Judge Key's 1995 dismissal of the workers' compensation action was with prejudice. For that reason, I must respectfully dissent.
"Rule 41(b), Ala.R.Civ.P., reads:
 "`(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.'
(Emphasis added [by Judge Thompson].) Cases interpreting Rule 41(b) have held that the trial court has the inherent power to act sua sponte to dismiss an action. Wal-Mart Stores,Inc. v. Caples, 646 So.2d 1328, 1330 (Ala. 1994); Burdeshawv. White, 585 So.2d 842, 847 (Ala. 1991); and Atkins v.Shirley, 561 So.2d 1075, 1077 (Ala. 1990). A trial court may also, pursuant to Rule 41(b), dismiss an action for a party's failure to comply with court rules or orders. Ryder Int'lCorp. v. State, 439 So.2d 162, 164 (Ala.Civ.App. 1983), citing Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386,8 L.Ed.2d 734 (1962); and Smith v. Wilcox County Bd. of Educ.,365 So.2d 659 (Ala. 1978). An involuntary dismissal under Rule 41(b), Ala.R.Civ.P., operates as an adjudication upon *Page 1039 
the merits and is a final judgment, unless otherwise specified. Tuscaloosa City Bd. of Educ. v. Roberts,440 So.2d 1058, 1061 (Ala. 1983); Hayden v. Harris,437 So.2d 1283, 1285 (Ala. 1983); and Bibb v. Boyd,417 So.2d 206, 207 (Ala.Civ.App. 1982).
 "Judge Johnston determined that Judge Key had dismissed the 1993 action because the plaintiffs had failed to comply with the trial court's order to substitute a plaintiff for trial purposes and had failed to follow through on their attorney's expressed intention to file a motion for a voluntary dismissal. This court has held that a trial court has inherent power to interpret, implement, or enforce its judgment. Patton v. Cumberland Lake Country Club, 703 So.2d 376 (Ala.Civ.App. 1997). `Moreover, "[i]f there is uncertainty in a judgment the court must construe it so as to express the intent of the trial judge, which intent can be derived from the provisions of the judgment."' Id. at 380 (citations omitted).
 "Nothing in the record indicates that the plaintiffs in the 1993 workers' compensation action made an oral motion to dismiss that action or requested a voluntary dismissal before Judge Key entered the May 18, 1995, order dismissing the action. Rather, the plaintiffs' attorney announced his intention to dismiss the action and requested 30 days in which to file his motion to dismiss. The attorney's request for a voluntary dismissal was first made four days after Judge Key had already entered his order dismissing the action. This court has held that it can be inferred from the record that a trial court dismissed a case with prejudice, if neither the plaintiff nor the defendant timely filed a motion for dismissal pursuant to Rule 12(b) or Rule 41(a), Ala.R.Civ.P. Coulter v. Stewart, 726 So.2d 726
(Ala.Civ.App. 1999); and Hodge v. R R Movers, 716 So.2d 740, 741 (Ala.Civ.App. 1998).
 "The majority's opinion reasons that Alabama caselaw `would support a conclusion that the dismissal was without prejudice, because the facts in this case do not indicate willful delay, want of prosecution, or contumacious conduct by the plaintiffs.' 784 So.2d at 1031. However, the merits of Judge Key's order dismissing the 1993 action are not before this court for review. That dismissal was a final judgment, and Evans failed to appeal it.
 "Because I would affirm the trial judge's order, I must respectfully dissent."
784 So.2d 1033-34.
 II. Procedural History of Brown's Case
On December 19, 1997, Brown filed another workers' compensation action against Courtaulds, alleging the same injuries she had alleged in the 1993 action. The 1997 workers' compensation action was assigned to Judge Joseph Johnston. Courtaulds moved for a summary judgment, contending that Brown's action was barred by the statute of limitations and by the doctrine of res judicata. Judge Johnston entered a summary judgment for Courtaulds, concluding that the dismissal of the previous action was an involuntary dismissal with prejudice, pursuant to Rule 41(b), Ala.R.Civ.P., and thus constituted an adjudication on the merits, for purposes of the doctrine of res judicata. Judge Johnston also concluded that Brown's action was barred by the statute of limitations because she filed the 1997 action more than two years after the termination of her employment with Courtaulds.[2] *Page 1040 
On April 30, 1999, the Court of Civil Appeals reversed the summary judgment as to Brown's claim for medical benefits, noting that there is no statute of limitations for accrued medical benefits.[3] Brown v. Courtaulds Fibers, Inc.,784 So.2d 1034 (Ala.Civ.App. 1999). However, the Court of Civil Appeals held that Brown's claim for accrued medical expenses was not barred by the doctrine of res judicata and that Judge Johnston had abused his discretion in construing Judge Key's 1993 order as a dismissal pursuant to Rule 41(b), Ala.R.Civ.P. Based on its opinion in Evans, the Court of Civil Appeals reversed the summary judgment entered by the trial court and remanded the case for further proceedings. Judge Thompson dissented in Brown, referring to his dissent inEvans.
 III. Conclusion
This Court granted certiorari review in both cases to determine whether the Court of Civil Appeals properly held that the trial court's May 18, 1995, order dismissing the action was a dismissal without prejudice, pursuant to Rule 41(a), Ala.R.Civ.P. We conclude that Judge Thompson's analysis in his dissents inEvans and Brown is correct, and we adopt that analysis as our own.
The judgments of the Court of Civil Appeals are reversed, and these causes are remanded for the entry of judgments consistent with this opinion.
1981706 — REVERSED AND REMANDED.
1981707 — REVERSED AND REMANDED.
Hooper, C.J., and Maddox, Houston, Cook, See, Brown, Johnstone, and England, JJ., concur.
[1] The plaintiffs subsequently amended their complaint to add 5 additional plaintiffs, bringing the total number of plaintiffs to 29.
[2] According to § 25-5-117(a), Ala. Code 1975, regarding occupational diseases, an employee must file a claim for compensation within two years after the date of the injury. Section 25-5-117(b), Ala. Code 1975, defines "the date of the injury" as "the date of the last exposure to the hazards of the disease." Brown's employment with Courtaulds ended on June 30, 1995; she filed her lawsuit on December 19, 1997.
[3] The court noted that Brown did not appeal the summary judgment entered for Courtaulds on her claim for workers' compensation benefits.