YATES, Judge.
This is a post-divorce proceeding.
The record reveals that Sharon S. Breed-love (mother) and Gregory B. Breedlove (father) divorced in January 1987. Prior to divorce, the parties apparently executed an agreement which provided, inter alia, for joint custody of the minor child, and that the child would not be moved from his residences in Mobile or Baldwin counties without consent from both parties or permission from the court. The agreement was apparently incorporated into the divorce judgment, although the record contains neither the agreement nor the divorce judgment.
In August 1991, the mother filed a motion to modify the divorce judgment, stating that she had remarried and that her new husband had accepted employment in another state. The mother’s motion requested that the trial court modify the divorce judgment’s restriction against removing the child from Mobile *408 or Baldwin counties. In response, the father filed a motion, requesting that he be awarded primary custody of the child.
In December 1991, the trial court awarded primary physical custody of the child to the father, but because there was no evidence concerning such, it declined to rule on child support and reserved that issue. In response to the mother’s post-judgment motion, a case action summary entry of March 27,1992, is as follows:
“After a careful review of the evidence in this case the Court is of the opinion that the original decree was proper and it is therefor ordered that the modification of 18 Dec 1991 is set aside. The original decree of divorce, as modified in the area of Child Support shall be in effect.”
Both parties appeal.
The mother contends on appeal that the trial court abused its discretion in refusing to modify the divorce judgment to allow her to move the child from the state. The father, on cross-appeal, argues that the trial court erred in refusing to leave primary custody of the child with him when no additional evidence was presented in support of the mother’s post-trial motion.
We note that in a child custody case, when evidence is presented ore tenus, the judgment of the trial court is presumed correct and will not be reversed absent a showing that it is a clear abuse of discretion. Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App. 1991). “[The trial court’s] presumption of correctness, however, can be overcome in situations where there is an absence of material evidence to support the trial court’s factual findings.” Means v. Means, 512 So.2d 1386,1388 (Ala.Civ.App.1987).
As a general rule, a parent seeking modification of a prior order granting custody bears the burden of showing a change of circumstances since the last decree which required a change in custody. Further, the petitioner must show that such custody change will materially promote the child’s best interests and welfare, and that the benefits of the proposed change outweigh the inherently disruptive effects. Ex “parte McLendon, 455 So.2d 863 (Ala.1984). Where there is no prior order granting exclusive physical custody to one parent, McLendon is not applicable. Ex parte Couch, 521 So.2d 987 (Ala.1988). If exclusive physical custody has not been awarded to one parent, the “best interest and welfare” of the child standard applies. Couch.
In the instant case, the judgment of divorce provided that the parties were to have joint legal custody of the minor child. By the use of the term “joint custody,” and by the division of the physical custody, it is apparent the parties intended and the trial court considered a joint physical custodial arrangement. The record revealed that the child lived with his father approximately five months per year. Because neither party was awarded exclusive physical custody, the proper standard of review was “best interests and welfare” of the child, as opposed to the more stringent burden of McLendon.
Applying the “best interest” standard, the trial court erred in returning the child to the mother following its award of primary custody of the child to the father. Based on the evidence presented, the trial court was correct in its initial determination that it was in the child’s best interest that primary custody be with the father. It was error when, without any additional evidence, the trial court seemed to arbitrarily reverse itself.
The record on appeal contains testimony from the father’s first petition for primary custody in May 1990. The trial court expressly stated that it would consider this previous testimony in reaching a decision in the instant case.
The father alleged in his first petition for custody that since their divorce in 1987, there had been a material change in circumstances and that the mother has not provided a fit and moral environment for the child. The father remarried in July 1988, he has a home and a stable life, and he felt that to award him primary custody would materially promote the best interest and welfare of the child.
At that custody hearing, on the May 1990 petition, evidence was presented on the mother’s living arrangements and lifestyle. *409 A recitation of all the details is unnecessary; however, Charles Herlihy, a licensed doctor specializing in psychiatry, testified that the mother’s living arrangement at that time would not be consistent with raising a healthy child. Dr. Herlihy also testified that he had observed the child for seven hours in the presence of his father and step-mother. His observations revealed that the child was comfortable with the step-mother, and the step-mother was nurturing and compassionate and related well with the child. Dr. Herlihy also testified that the father and child had a good relationship.
Furthermore, the record revealed that the mother had tried to manipulate the original divorce judgment. On one such occasion, she moved the child to Birmingham, intending to stay for six months, depriving the father of his relationship with the child. She ignored the divorce judgment’s requirement of the court’s permission or written agreement from each party to take the child outside Mobile or Baldwin counties.
Testimony also revealed a complete lack of effort by the mother to relate to and cooperate with the child’s stepmother. The mother refuses to acknowledge the father’s present wife. The mother refuses to talk with her or even speak her name. The mother testified at the hearing that she found no particular reason why she should spend time with the stepmother, because the stepmother is not the child’s parent. The trial court at that time chose to maintain the status quo of joint custody. The trial court stated, however, that it considered evidence from this hearing in reaching its December 1991 determination.
In April 1991, the father filed a petition to modify because he would be on sabbatical leave from work between August 1991 and May 1992. He wanted to modify the visitation so that he could spend as much time as possible with the child, and so that the child could travel with him. In response, on August 19, 1991, the mother filed a counter-petition to modify the divorce judgment to alter the residence of the child. She requested that the divorce judgment be modified to allow her to move with her new husband and child to Missouri. The father at that time filed a petition seeking sole custody of the parties child.
During the custody hearings in October 1991, from which this appeal resulted, the father presented evidence that a substantial and material change in circumstances had occurred, due to the mother’s actions, which directly affected the best interest and welfare of their child. The mother remarried a man on August 12, 1991, who on August 5, 1991, had accepted a job in Kansas City, Missouri. She sold her home in anticipation of moving, but before she was given permission to move with the child. The mother and the child lived with a friend for three months. She quit her job and was pregnant with an unplanned baby. Testimony from a marriage counselor revealed that the couple married in a hurry in order to get a court order to move the parties’ minor child out of the state.
After the October hearing, the trial court in December 1991, awarded primary physical custody to the father. The mother then filed a motion to reconsider. After argument on her motion to reconsider, during which no additional evidence was submitted by either party, the trial court in March 1992, entered a notation in the case action summary setting aside the December order and reinstating the original order of the divorce decree.
A complete review of the record supports the trial court’s December order awarding primary custody of the child to the father. We find it was an abuse of discretion for the trial court to have withdrawn its original determination of custody. As a result, the best interest of the child in this case would be served with primary custody being awarded to the father. Based on our decision in this ease, we pretermit discussion on the issue concerning territorial restrictions raised by the mother.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur specially.