Gregory B. Breedlove petitions for a writ of mandamus directed to the Alabama Court of Civil Appeals. At issue is whether, following certiorari review in this Court, the Court of Civil Appeals on remand erred in remanding this child custody case to the trial court, rather than reviewing the case itself, according to the standard set out in Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). Mr. Breedlove seeks a writ directing the Court of Civil Appeals to set aside its judgment of reversal and remand and to review the trial court's child custody order according to the McLendon standard.
In Ex parte Breedlove, 673 So.2d 410 (Ala. 1994), we reversed the judgment of the Court of Civil Appeals, which had held that the trial court erred in awarding primary physical custody to the mother and which held that the father was entitled to primary physical custody of the child in issue. We stated that the Court of Civil Appeals had erred in applying a "best interests of the child" standard, and remanded the case to that court for a review of the trial court's award of primary physical custody in favor of the mother, in light of theMcLendon standard. Id. On remand from this Court, the Court of Civil Appeals reversed the trial court's judgment awarding primary physical custody to the mother and remanded with instructions to the trial court to consider the evidence in light of the McLendon standard. Breedlove v. Breedlove,673 So.2d 414 (Ala.Civ.App. 1995).
A petition for a writ of mandamus is the proper method for reviewing the question whether on remand a court has acted in conformity with this Court's order remanding the case. SeeEx parte Brown, 562 So.2d 485, 487 (Ala. 1990). Here, the Court of Civil Appeals clearly did not follow our directive on certiorari review — that the Court of Civil Appeals should apply the McLendon standard "in its review on remand." Ex parte *Page 416 Breedlove, 673 So.2d at 414. It was the direction of this Court that on remand the Court of Civil Appeals was to review the decision of the trial court. Accordingly, we grant the writ. The Court of Civil Appeals is directed to set aside its January 13, 1995, judgment of reversal and remand and to review the trial court's custody order in a manner consistent with the directions in our August 26, 1994, opinion on certiorari review.
WRIT GRANTED.
MADDOX, ALMON, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.