In Response to Writ of Mandamus

YATES, Judge.
As directed by the supreme court on July 7, 1995, see Ex parte Breedlove, 673 So.2d 415 (Ala.1995), our January 13, 1995, judgment in this case is set aside and we now review the trial court’s order granting the mother’s post-judgment motion, in accordance with the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), The facts and procedural history of this case are sufficiently detailed in Breedlove v. Breed-love, 673 So.2d 406 (Ala.Civ.App.1993). Reciting additional facts would serve no useful purpose. This court has again thoroughly reviewed the record evidence considered by the trial court. McLendon requires that the parent seeking to modify a custody arrangement show that the change of custody would materially promote the child’s best interests and welfare. The court must consider the disruptive effect caused by uprooting the child. McLendon, at 866.
*417 We conclude that, without regard to whether the mother remained in Baldwin County, the father produced sufficient evidence of a change in circumstances supporting modification by establishing that the mother had sold her home and had moved into an apartment with a friend, had quit her job, was pregnant, had remarried, and planned to leave the state. The trial court considered her past living arrangement and disruptive lifestyle. The court further considered the psychiatrist’s observation and recommendations, the child’s relationship with his father and stepmother, the extensive amount of time that the child had spent in their home and in their care, and the stability and consistency that the father provided and could provide. There was, therefore, sufficient evidence from which the trial court could have concluded that a change of custody to the father would materially promote the best interests of the child.
Given all the circumstances, we conclude that for this child to be in his father’s custody would materially promote his best interests and that the benefits of the change would outweigh any disruption in the child’s life caused by the change. We, therefore, hold that the trial court erred in granting the mother’s post-judgment motion. Accordingly, the March 27, 1992, judgment of the trial court is reversed and the case is remanded for the trial court to enter an order setting aside that March 27,1992, order granting the mother’s post-judgment motion, thus reinstating its December 18,1991, order.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.
MONROE and CRAWLEY, JJ., not sitting.