CRAWLEY, Judge.
John Charles Williams and Susan Ford Williams were divorced in 1994, and the father was awarded sole physical custody of the children. In 1997, the wife filed a petition to modify custody; that action was settled, with the husband retaining sole physical custody. In 1998, the wife filed another petition to modify custody, which the trial court eventually granted in August 2000.
The father appeals, arguing that the trial judge erred: (1) by not recusing herself[1]; (2) by modifying the custody order so as to award the mother sole physical custody; (3) by awarding post-minority educational support with no time limitation; and (4) by awarding what he contends is an inequitable guardian-ad-litem fee.
We first address the father’s argument that the trial judge should have recused herself because of an alleged bias against the father’s attorney. Our supreme court has stated:
“Recusal is required where facts are shown that make it reasonable for a party or for opposing counsel to question the impartiality of the judge. However, recusal is not required by the mere accusation of bias unsupported by substantial evidence.
“We further note that there is a presumption that a judge is qualified and unbiased, and that one alleging to the contrary has a substantial burden of proof. The test for recusal is whether a person of ordinary prudence in the judge’s position, knowing all of the facts known to the judge, would conclude that there is a reasonable basis for questioning the judge’s impartiality.”
Henderson v. G & G Corp., 582 So.2d 529, 530 (Ala.1991).
The record indicates that the trial judge and the father’s attorney had a hostile exchange of words during a hearing, and that the bailiff pulled the father’s attorney back from the judge’s bench. The trial judge stated that the encounter was intimidating. The judge made several rulings adverse to the father before entering the final judgment granting the mother’s petition to modify custody. The father argues that this evidence requires the trial judge to recuse herself. We disagree. As stated by the Henderson court, “[ajdverse rulings during the course of proceedings are not by themselves sufficient to establish bias and prejudice on the part of a judge.” 562 So.2d at 530-31. In addition, the evidence in the record indicates that the trial judge and the father’s attorney exchanged harsh words and that the trial judge eventually ruled in the mother’s favor. We conclude that the evidence of the hostile exchange, taken with the adverse rulings, still does not require a recusal. Therefore, the judge’s refusal to recuse herself provides no basis for a reversal.
We next address the father’s argument that the trial court erred by modifying the custody provision. A parent who petitions for a modification of a custody *355 judgment has the burden of proving a material change in circumstances since the last judgment, that the a change of custody will materially promote the child’s best interests, and that the benefits of changing custody outweigh the disruption of uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
The father contends that the trial court considered evidence that had already been considered during the last custody-modification hearing. Generally, a trial court is limited to considering evidence regarding events that have occurred since the last custody determination. Wilson v. Wilson, 408 So.2d 114 (Ala.Civ.App.1981). Evidence was presented in the prior hearing; however, the parties settled that case. The primary argument made by the mother in support of modifying custody was that the father had physically and verbally abused the children. She had argued this issue in the previous modification hearing and had presented evidence regarding the father’s abuse. The oldest child testified at the most recent hearing that the father had consistently exercised excessive discipline on the children, such as slapping them across the face, and that the father had consistently verbally abused the children. The oldest child did testify as to abuse that the father committed after the last custody judgment was entered, as well as abuse that had been committed before the last modification petition was filed. Because the record contains evidence indicating that the father had abused the children since the last custody-modification proceeding, we conclude that the trial court did not err by modifying custody based on the father’s abuse. See Ala.Code 1975, § 30-3-134 (providing that “a finding that domestic or family abuse has occurred since the last custody determination constitutes a finding of change in circumstances.”)
We next address the father’s argument that the trial court erred in its award of postminority educational support, see Ex parte Bayliss, 550 So.2d 986 (Ala.1989). The court’s order states:
“The father shall pay the sum of $500.00 per month for the post-minority support of his son, Carson Williams, provided Carson remain enrolled as a full time college student during the regular academic year and maintain a 2.5 GPA. Said support shall commence on August 15, 2000, is due on the 15th day of each month thereafter, and shall continue during completion of a four year degree program or until Carson earlier completes an undergraduate degree from an accredited college or university.”
The father argues that the post-minority-support award contains no time limit. A reasonable time limit, usually four years, is required for a Bayliss award. See Bahri v. Bahri, 678 So.2d 1179, 1181 (Ala.Civ.App.1996). This judgment provides support “during completion of a four year degree program or until Carson earlier completes an undergraduate degree.” This provision could arguably require the father to pay support until Carson obtains a bachelor’s degree, even if it takes Carson substantially longer than four years; therefore, we reverse the postminority-support award because it does not contain a reasonable time limit. In order to clearly state that the support is limited to four years, we instruct the trial court to reword the award as providing support that “shall continue for four years or until Carson earlier completes an undergraduate degree from an accredited college or university.”
We last address the father’s argument that the trial court abused its discretion in awarding approximately $15,000 as a guardian-ad-litem fee and in requiring him to pay 90% of that fee. A trial court’s *356 order setting a guardian-ad-litem fee is presumed correct and will not be reversed absent an abuse of discretion. Englund v. First Nat’l Bank of Birmingham, 381 So.2d 8 (Ala.1980). The evidence indicates that the guardian ad litem expended many hours representing the children’s interests in this case. The transcript of the hearings total 10 volumes. The evidence indicates that the father has a significantly larger income than the mother. Therefore, we conclude that the trial court did not abuse its discretion in awarding the fee and ordering the father to pay 90% of it. See Englund, 381 So.2d at 12.
The trial court’s judgment is affirmed except with respect to the award of post-minority support. The trial court is instructed to reword that award, as stated above, so that the award will contain a reasonable time limitation.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ„ concur.

. The mother contends that the father should have argued the recusal issue in a petition for a writ of mandamus; however, our supreme court in Ex parte Crawford, 686 So.2d 196, 198 (Ala.1996), held that a recusal issue may be raised on appeal. Ex parte Crawford overruled several cases that had held that a recu-sal issue could be raised only by a petition for a writ of mandamus.