I would affirm the judgment of the trial court modifying custody, based on § 30-3-134, Ala. Code 1975, and Williams v.Williams, 812 So.2d 352 (Ala.Civ.App. 2001). Therefore, I must respectfully dissent.
The father is appealing from the trial court's judgment of July 29, 2002, wherein the trial court made a finding that domestic violence had occurred in the father's home and awarded custody to the mother on that basis. Section 30-3-134 provides: "In every proceeding in which there is at issue the modification of an order for custody or visitation of a child, a finding that domestic or family violence has occurred since the last custody determination constitutes a finding of change in circumstances." In Williams, supra, this court held that the trial court did not abuse its discretion in modifying custody under the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala. 1984), where there was evidence that physical and verbal abuse had occurred since the last custody-modification proceeding, noting that §30-3-134 provides that "`a finding that domestic or family abuse has occurred since the last custody determination constitutes a finding of change in circumstances.'" 812 So.2d at 355.
In the present case, I do not believe that a remand is necessary for the trial court to make a determination whether the applicable standard set out in McLendon was met, because, I believe, that standard has been satisfied with the trial court's specific finding of domestic abuse under the particular facts of this case and because the Legislature has mandated that a finding of domestic abuse constitutes a finding of a change in circumstances. Although a finding of domestic abuse under §30-3-134 may not always be a "material" change in circumstances, I cannot say that the trial court abused its discretion in modifying custody after its careful consideration of the parties' situations. I also note that it is not clear from the trial court's July 29, 2002, order what standard the court applied in making its custody determination.[6] *Page 304 
Further, our supreme court has held that this court can review the evidence in light of the standard set out in McLendon, rather than remanding the case to the trial court for it to apply the McLendon standard. Ex parte Johnson, 673 So.2d 410 (Ala. 1994).[7] I am not suggesting that this court become the fact-finder in the present case, as the main opinion contends in footnote 5. I would apply the ore tenus rule and affirm the judgment of the trial court based on the record before us. SeeP.A.T. v. K.T.G., 749 So.2d 454 (Ala.Civ.App. 1999) (ore tenus rule applies in custody-modification proceedings).
THOMPSON, J., concurs.
[6] I believe it is error to refer to or to rely upon the trial court's order entered on November 21, 2002, wherein the trial court purported to deny the father's postjudgment motion more than 90 days after the father had filed his postjudgment motion seeking to alter or amend the July 29, 2002, judgment. "The trial court cannot allow a posttrial motion to remain pending for more than 90 days; at the end of the 90th day, the court loses its jurisdiction to entertain such a motion." Doe v. Markham,776 So.2d 757, 760 (Ala. 2000). Although the main opinion contends that it is not relying upon the void order for the purposes for which it was entered, they refer to the order, discuss the order, and use the substance of the order in reaching their conclusion. I find the main opinion's reliance on a void order, which the trial court was without jurisdiction to enter, to be a dangerous precedent in the appellate review process. This reliance on the void order "for the insight that it provides into the analytical approach" of the trial court opens the door for appellate judges to consider the merits of any and every void order, judgment, or argument in future cases. 887 So.2d 302 at n. 4.
[7] In Ex parte Johnson, our supreme court reversed this court, which had held that the trial court had erred in awarding primary physical custody to the mother and that the father was entitled to primary physical custody of the child. The supreme court stated that this court had erred in applying the "best interests" standard, and it remanded the case for a review of the trial court's award of primary physical custody in light ofMcLendon. On remand, this court reversed the trial court's judgment and remanded the case with instructions to the trial court to consider the evidence in light of the McLendon
standard. Breedlove v. Breedlove, 673 So.2d 414 (Ala.Civ.App. 1995). Subsequently, the supreme court granted a petition for a writ of mandamus ordering this court to comply with its previous order to review the trial court's award of custody in light ofMcLendon. Ex parte Breedlove, 673 So.2d 415 (Ala. 1995). See also C.A.M. v. B.G.H., 869 So.2d 507 (Ala.Civ.App. 2003) (Crawley, J., dissenting) (recognizing that the supreme court inEx parte Johnson held that the Court of Civil Appeals can review the evidence in light of McLendon); and West v. Rambo,786 So.2d 1138 (Ala.Civ.App. 2000) (acknowledging that in Exparte Johnson our supreme court held that where the trial court improperly applies the best-interest standard, this court is permitted to apply the McLendon standard to the evidence contained in the record).