MOORE, Judge,
dissenting.
I respectfully dissent from the majority opinion’s reversal of the trial court’s judgment modifying custody of the parties’ child. In the present case, there is no indication in the record that the trial court applied the wrong custody-modification standard. “This court will not presume error on the part of the trial court.” Pickett v. Pickett, 792 So.2d 1124, 1128 (Ala.Civ.App.2001). Furthermore, “[a] trial court need not include a recital of findings of fact or conclusions of law in its final *913 order unless a statute specifically requires it to do so.” Taylor v. Taylor, 387 So.2d 849, 852 (Ala.Civ.App.1980), overruled on other grounds, Ex parte McLendon, 455 So.2d 863, 866 (Ala.1984). I agree with Judge Crawley’s dissent in C.A.M. v. 869 So.2d 507 (Ala.Civ.App.2003), stating that “[o]ur supreme court has held that, in a situation such as the one presented in this case, this court should review the evidence in light of the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), rather than remand the case to the trial court for it to conduct the review.” 869 So.2d at 508 (citing Ex parte Johnson, 673 So.2d 410 (Ala.1994), opinion on remand, 673 So.2d 414 (Ala.Civ.App.), petition for writ of mandamus granted, Ex parte Breedlove, 673 So.2d 415 (Ala.1995)).