PER CURIAM.
 

 Jerry Alexander and Bryan Courtney (“the plaintiffs”) appeal the trial court’s sua sponte dismissal of their action for want of prosecution. We affirm.
 

 Facts and Procedural History
 

 On April 17, 2008, the plaintiffs sued Geico Insurance Companies (“Geico”) in the Jefferson Circuit Court seeking uninsured-motorist benefits. The complaint alleges that Geico had issued Alexander an automobile-insurance policy containing uninsured-motorist coverage and that the plaintiffs were injured in an automobile accident with an uninsured motorist in September 2007. The complaint does not specify the type of injuries the plaintiffs suffered, only that “as a result of the automobile accident complained of herein, [the] plaintiffs sustained injuries for which they are legally entitled to collect damages from an uninsured motorist as provided in the Geico policy of insurance.” On or about May 7, 2008, Geico answered the complaint by denying each allegation within the complaint. That same day Geico also served written interrogatories and requests for production on each of the plaintiffs.
 

 
 *1227
 
 On August 19, 2008, the trial court entered an order designating this action as a “Standard Track case” and setting a scheduling conference for September 25, 2008. On September 29, 2008, the trial court entered a scheduling order stating that all pending written discovery was to be completed within 60 days. The scheduling order also set the case for trial on May 11, 2009.
 

 On December 10, 2008, Geico served a second set of written interrogatories on each of the plaintiffs. That same day, Geico also moved the trial court to compel Courtney to respond to the written interrogatories and requests for production it had served on him in May 2008. On December 15, 2008, the trial court granted the motion to compel and ordered Courtney to respond to the interrogatories within 14 days. On January 7, 2009, Courtney responded to the requests for production served on him in May 2008.
 

 On April 23, 2009, the plaintiffs and Geico filed a joint motion to continue the trial date of May 11, 2009, because, they asserted, discovery in the case had not been completed. On April 29, 2009, the trial court denied the motion. Geico then moved the trial court to reconsider its denial of the motion to continue. The trial court denied the motion to reconsider, but the court then vacated that denial and reset the trial date for June 22, 2009.
 

 On June 8, 2009, Geico provided the plaintiffs’ counsel with its witness and exhibit list. That same day Geico filed two motions to compel — one related to the second set of interrogatories Geico served on each plaintiff on December 10, 2008, and another related to the interrogatories Gei-co had served on Courtney in May 2008, and for which it had previously obtained an order to compel.
 
 [1]
 
 On June 15, 2009, the trial court entered an order granting both motions and ordering the plaintiffs to answer the interrogatories within three days. The order further states that “[failure to comply with this Order will result in your case being dismissed.”
 

 On June 16, 2009, the plaintiffs provided Geico with responses to the interrogatories, and they moved the trial court to continue the trial date from its current setting of June 22, 2009. As grounds for the continuance, the plaintiffs asserted:
 

 “The plaintiff, Jerry Alexander, is currently being treated for back problems related to this accident and has been informed that back surgery is needed.
 

 “The Plaintiff, Bryan Courtney, resides in Florida and is unable to attend trial next week.”
 

 Geico responded to the motion for a continuance by asserting that it “vehemently oppose[d] any continuance of this action.” In opposition to a continuance, Geico stated that during a deposition on April 27, 2009, “Alexander testified to only one follow up doctor visit since the date of the accident on September 14, 2007,” and that the doctor told him “ ‘there was nothing he
 
 *1228
 
 could do’ in relation to further treatment for his back injury.” Geico also asserted that the trial court should not grant the motion to continue because, it said, the plaintiffs’ counsel “had failed to comply with any of this Court’s Pre-Trial Orders having not filed a Witness, Exhibit, or Damages List and has continually failed to respond to [Geico’s] request for documents, evidence, and discovery responses....”
 

 The trial court denied the plaintiffs’ motion for a continuance on June 18, 2009. On June 23, 2009, the trial court entered an order dismissing the action with prejudice. The order states:
 

 “The above-styled case came on before the Court for trial on June 22, 2009.
 

 “The Plaintiff[s] failed to comply with the Scheduling Order dated September 29, 2008, and the Court’s order compelling responses to outstanding discovery dated June 15, 2009. Further, the Plaintiff[s] failed to adequately prepare for trial.
 

 “This case is hereby dismissed with prejudice for failure to prosecute. Costs taxed as paid.”
 

 Although the record contains no indication of when the trial court ordered mediation of this case or when the mediation occurred, the trial court had apparently referred the case to a mediator, because the next day, June 24, 2009, the trial court entered an order stating that the parties must split the $750 fee of the mediator.
 

 On July 2, 2009, the plaintiffs filed a “Motion to Set Aside Dismissal and Reinstate Case.” In relevant part, paragraph one of that motion states:
 

 “The Plaintiffs were prepared for trial on the date set by this Court. All subpoenas had been issued. The Plaintiffs were present and prepared to testify. The expert witness, Dr. Fred Patton, was on call and prepared to testify on behalf of the plaintiffs. The witness Officer Pat Malone of the Fultondale Police Department was; on call and prepared to testify as well.”
 

 The trial court held a hearing on the motion on July 27, 2009, and, on August 3, 2009, the trial court entered an order denying the motion. The order states:
 

 “After hearing the oral arguments of counsel and reviewing the pleadings, the Court finds as follows:
 

 “1. This trial was dismissed because the Plaintiffs failed to comply with the Scheduling Order dated September 29, 2008, and the Court’s Order compelling responses to outstanding discovery requests dated June 15, 2009.
 

 “2. On the date of trial, the Plaintiff[s] represented to the Court that [they were] not prepared to move forward with trial. Therefore, based on the inaccuracy of the assertions in Paragraph One of the Plaintiffs’ Motion to Set Aside, the Motion is hereby DENIED.”
 

 The plaintiffs now appeal the dismissal of the case.
 

 Discussion
 

 The dismissal of civil actions is governed by Rule 41, Ala. R. Civ. P. Rule 41(b), Ala. R. Civ. P., provides that an action may be dismissed “[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of [the] court.” This Court has advised:
 

 “ ‘Rule 41(b) has been construed to mean that a trial court has the inherent
 
 *1229
 
 power to dismiss a cause for want of prosecution or for failure to comply with court rules or orders.
 
 Ryder Int’l Corp. v. State,
 
 439 So.2d 162 (Ala.Civ.App.1983).
 
 Accord, Link v. Wabash R.R.,
 
 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal is generally considered to be within the sound discretion of the trial court and will be reversed on appeal only for an abuse of that discretion.
 
 Whitehead v. Baranco Color Labs, Inc.,
 
 355 So.2d 376 (Ala.Civ.App.1978). It need only be determined, upon appellate review of a trial court’s action under Rule 41(b), whether the ruling is supported by the evidence.
 
 Strickland v. National Gypsum Co.,
 
 348 So.2d 497 (Ala.Civ.App.1977);
 
 Nettles v. First Nat’l Bank,
 
 388 So.2d 916 (Ala.1980).’ ”
 

 Gill v. Cobern,
 
 36 So.3d 31, 32 (Ala.2009) (quoting
 
 Riddlesprigger v. Ervin,
 
 519 So.2d 486, 487 (Ala.1987)). Accordingly, the issue in this case is whether the trial court exceeded its discretion in dismissing the plaintiffs’ action for want of prosecution. This Court has advised that “[b]e-cause the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court.”
 
 Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,
 
 604 So.2d 332, 341 (Ala.1991).
 

 The plaintiffs argue that the trial court exceeded its discretion in dismissing this action because, they say, “the delays in responding to the discovery requests per the Court’s scheduling order do not constitute contumacious conduct or a lengthy delay to justify dismissal with prejudice.” The plaintiffs’ brief, at p. 15. To support this argument, the plaintiffs rely upon
 
 Smith v. Wilcox County Board of Education,
 
 365 So.2d 659 (Ala.1978), in which this Court applied the rule articulated by the United States Court of Appeals for the Fifth Circuit that “a trial judge may dismiss with prejudice an action ‘only in the face of a clear record of delay or contumacious conduct by the plaintiff.’ ” 365 So.2d at 661 (quoting
 
 Durham v. Florida East Coast Ry.,
 
 385 F.2d 366, 368 (5th Cir.1967)). The plaintiffs contend that their “actions ... in no way reflect contumacious conduct,” because, “although not made timely, [their discovery responses] were filed with the court constituting present diligence and barring dismissal.” The plaintiffs’ brief, at p. 17. Significantly, the plaintiffs completely disregard the portion of the trial court’s order that bases the dismissal on the plaintiffs’ failure to be prepared for trial on June 22, 2009. The plaintiffs fail to refute that trial court’s finding that “[o]n the date of trial, the Plaintiffls] represented to the Court that [they were] not prepared to move forward with trial.” Further, a transcript of neither the June 22, 2009, proceedings nor the hearing on the motion for reinstatement of this case is included in the record, and the plaintiffs failed to file a statement of proceedings in lieu of a transcript pursuant to Rule 10(d), Ala. R.App. P.
 
 [2]
 

 See Ex parte Howell,
 
 974 So.2d 304, 306 (Ala.2007) (“ ‘A reviewing court cannot predicate error on matters not shown by the record .... Indeed, a silent record supports a judgment.... It is the appellant’s duty to
 
 *1230
 
 file a correct record.’ ” (quoting
 
 Robinson v. State,
 
 444 So.2d 884, 885 (Ala.1983))).
 

 In response to the plaintiffs’ arguments, Geico argues that the trial court did not exceed its discretion in dismissing this action for want of prosecution because, it says, “counsel for the [plaintiff] represented to the trial court, on the day of trial, that said parties were not prepared to move forward with trial.” Geico’s brief, at p. 11. In support of this position, Geico contends that
 
 Scullin v. Cameron,
 
 518 So.2d 695 (Ala.1987), is dispositive. Under facts similar to the facts of this case, the trial court in
 
 Scullin
 
 denied a motion for a continuance and dismissed the action with prejudice for want of prosecution after, on the scheduled trial date, the plaintiffs counsel represented that he was not prepared to proceed to trial, although the defendants were prepared for trial. 518 So.2d at 697. This Court affirmed the trial court’s judgment of dismissal, holding:
 

 “[W]hen plaintiff refused to proceed, the trial court had no alternative but to dismiss the case. Under those circumstances — the continuance having been properly denied, the defendant and his witnesses being present and ready for trial, and the plaintiff willfully refusing to proceed — this Court cannot hold that the trial court was in error for entering a dismissal.”
 

 518 So.2d at 699-700.
 

 The plaintiffs failed to file a reply brief, thereby again failing to refute the trial court’s finding that they were not prepared to proceed to trial on June 22, 2009.
 

 This Court has held that “[i]n every action there comes a point when the interest of the court in controlling its calendar and the risk to the defendant outweigh the interest in disposing of the litigation on the merits.”
 
 Selby v. Money,
 
 403 So.2d 218, 220 (Ala.1981). Here, the plaintiffs have not demonstrated that the trial court exceeded its discretion in finding that that point had been reached. From all that appears before us, the plaintiffs failed to meet discovery deadlines imposed by the trial court, and they were not prepared to proceed to trial after the trial court had continued the trial date one time. “A dismissal for want of prosecution is within the discretion and inherent power of the trial court,”
 
 Selby,
 
 403 So.2d at 220, and the plaintiffs have failed to demonstrate that the trial court exceeded its discretion in dismissing this action for want of prosecution.
 

 As a separate issue on appeal, the plaintiffs argue that an alleged “ex parte communication between [the trial court] and [the] Mediator ... warrants an unfair prejudice against [the plaintiffs], violates the Judicial Cannon of Ethics and Mediator Ethics and therefore constitutes reversible error.” The plaintiffs’ brief, at p. 7. The plaintiffs have not presented any evidence indicating that an ex parte communication took place between the trial court and the mediator. Likewise, the plaintiffs have not presented any evidence indicating that they complained of the alleged ex parte communication to the trial court or that they moved the trial judge to recuse herself from this action because of the alleged communication. “This Court does not have the obligation to search the record for substantiation of unsupported factual matter appearing in an appellant’s brief in order to determine whether a judgment should be reversed.”
 
 Friedman v. Friedman,
 
 971 So.2d 23, 31 (Ala.2007). Because the plaintiffs have failed to substantiate their allegations that an ex parte communication occurred between the trial
 
 *1231
 
 court and the mediator or that they complained of such a communication to the trial judge or moved the trial judge to recuse herself, we need not address this claim.
 

 Conclusion
 

 Based on the foregoing,- the judgment of the trial court is affirmed.
 

 AFFIRMED.
 

 COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . The record is not clear as to whether, in January 2009, Courtney had responded to some or all the written interrogatories served on him in May 2008. Geico, in its brief to this Court, asserts that "Courtney responded to Geico's requests for production on January 7, 2009, and Geico’s interrogatories on January 9, 2009.... ” Geico’s brief, at p. 2. However, on the next page of its brief, Geico asserts that ”[t]he second motion [to compel] was directed to Plaintiff Courtney and his failure to respond to Geico’s May 7, 2008, interrogatories.” Geico’s brief, at p. 3. The record contains a document entitled "Plaintiff’s Responses to Defendant’s Request for Production,” filed on January 7, 2009, but the record does not contain Courtney’s answers to written interrogatories.
 

 [2]
 

 . Rule 10(d), Ala. R.App. P., provides, in pertinent part: "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection.”