MOORE, Judge.
Don Cartee, Rebecca Cartee, and Alan Cartee (hereinafter referred to collectively as “the Cartees”) appeal from a judgment of the Franklin Circuit Court (“the trial court”) dismissing, with prejudice, their case against Community Spirit Bank (“Community”). We affirm.

Procedural History

On March 17, 2014, the Cartees filed, in the trial court, a complaint against Community concerning a dispute regarding the Cartees’ repayment of a loan secured by a mortgage to Community. On April 17, 2014, Community filed a motion to compel the Cartees to arbitrate the dispute. Community requested that, if the Cartees failed to initiate arbitration proceedings within 90 days, the trial court dismiss the Cartees’ action with prejudice. On April 21, 2014, the trial court granted Community’s motion to compel arbitration. On July 31, 2014, Community filed a motion to dismiss the action, alleging that the Car-tees had failed to initiate arbitration proceedings. On August 1, 2014, the trial court dismissed the case with prejudice.
On August 18, 2014, the Cartees filed a motion requesting that the trial court reinstate the case. The Cartees alleged that they had experienced difficulties in obtaining the finances to hire an arbitrator and requested that the trial court allow them 30 additional days to secure an arbitrator. On August 19, 2014, the trial court entered an order stating:
“This Court has received a petition from [the Cartees] asking that this matter be reinstated so that it can arbitrated. The Court notes that arbitration does cost certain monies and therefore ORDERS, ADJUDGES, and DECREES that this action is reinstated with the [Cartees] to furnish this Court within thirty days of this reinstatement order the notice of the arbitration agreement signed by Community Spirit Bank and an arbitrator.
“This Court will dismiss this action if there is not an agreement to enter into arbitration between the parties within thirty days of the date of reinstatement.”
On September 16, 2014, the Cartees filed a notice with the trial court stating that their attorney had “sent the Arbitration Contract from the [proposed arbitrator] to the [attorney for Community] concerning arbitration in the matter.” On September 24, 2014, Community responded to the Cartees’ notice by stating:
“1. [Community] does not waive any provision of the binding arbitration agreement in this case which designates that arbitration is to be conducted by the American Arbitration Association.
“2. However, [Community] would agree to arbitrate this case locally, if either of the following two (2) arbitrators is acceptable to the [Cartees]:
“Daniel B. Banks, Jr....
“Michael Suttle.”
On November 14, 2014, the trial court ordered the parties to provide a status update within 10 days. On November 19, 2014, the Cartees notified the trial court that the parties had agreed that Daniel B. Banks, Jr., would serve as the arbitrator of their dispute.
On January 21, 2015, Community filed an answer to the complaint. On March 2, 2015, the trial court ordered the parties to provide a status update within 10 days. *365 On March 3, 2015, Community provided a status update stating, in part:
“5. The arbitration was scheduled to take place on February 4, 2015.
“6. On January 30, 2015, the arbitrator was advised by counsel for [the Car-tees] that they no longer wished to mediate the case.
“7. On February 2, 2015, counsel for [Community] spoke with Don Cartee (with permission of [the Cartees’ counsel] ). Mr. Cartee advised that he was ill with the flu and unable to attend the arbitration scheduled for February 4, 2015. He had also communicated with the arbitrator but failed to reach a satisfactory agreement regarding cancellation fees.
“8. [Community] agreed to a cancellation of the arbitration scheduled for February 4, 2015, because of the illness of ... Don Cai’tee. Mr. Cartee was to contact the arbitrator and counsel for Community Spirit Bank concerning any desire to reschedule an arbitration.
“9. [Counsel for Community] ha[s] received no communication from Don Cartee or ... Rebecca Cartee and/or Alan Cartee.
“10. On February 25, 2015, [counsel for Community] received notice from the arbitrator that he has received no further communication from any of the [Cartees] regarding a new date for arbitration.”
(Emphasis in original.) That same day, Community filed a motion to dismiss the case with prejudice. Also on March 3, 2015, the Cartees’ attorney filed a motion to withdraw, because, he said, the Cartees had “terminated [his] services ... in this matter and asked that he not be present for mediation.” Finally, on March 3, 2015, the trial court entered a judgment dismissing the case with prejudice and an order allowing the Cartees’ attorney to withdraw.
On April 1, 2015, the Cartees filed a postjudgment motion, arguing:
“[Community] filed the motion to dismiss with prejudice on March 3, 2015, and the court entered the order of dismissal that same day. The [Cartees] were not given any time to respond to the motion or explain to the court the reasons why the arbitration did not take place. The court also entered an order removing the attorney for [the Cartees] as attorney of record without giving the [Cartees] any opportunity to respond. [The Cartees] have not been given due process in this case. As shown by the motion to dismiss, the February 4th arbitration was continued due to medical reasons. Just because the arbitration had not been reset within 30 days was no reason to dismiss the case with prejudice.”
On April 6, 2015, the trial court denied the Cartees’ postjudgment motion. On May 18, 2015, the Cartees filed their notice of appeal to this court challenging the judgment dismissing the case. On July 7, 2015, this court transferred the appeal to the Alabama Supreme Court for lack of subject-matter jurisdiction; that court transferred the appeal back to this court, pursuant to Ala.Code 1975, § 12-2-7.

Discussion

On appeal, the Cartees argue that the trial court “did not give [them] an opportunity to explain why the case should not be dismissed” and that “the fact that 30 days had passed and a new date for the arbitration hearing had not yet been set is not sufficient for the trial court to terminate the case with prejudice.”
“Rule 41(b), Ala. R. Civ. P., provides, in pertinent part: ‘For failure of the plaintiff to prosecute or to comply with [the *366 Alabama Rules of Civil Procedure] or any order of [the] court, a defendant may move for dismissal of an action or of any claim against the defendant.’ It is well settled that the decision whether to enter a Rule 41(b) dismissal is within the sound discretion of the trial court, and such a dismissal will be reversed only if the trial court exceeded its discretion. Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990); Riddlesprigger v. Ervin, 519 So.2d 486, 487 (Ala.1987); State ex rel. S.M. v. A.H., 832 So.2d 79, 80 (Ala.Civ.App.2002); and Coulter v. Stewart, 726 So.2d 726, 728 (Ala.Civ.App.1999). However, because dismissal with prejudice is a drastic sanction, it should be applied only in extreme situations. Smith v. Wilcox County Bd. of Educ., 365 So.2d 659, 661 (Ala.1978). Therefore, this court will carefully scrutinize orders dismissing an action with prejudice and occasionally will find it necessary to set them aside. Id. In reviewing the trial court’s dismissal of an action, we must determine whether the ruling is supported by the evidence contained in the record. Nash v. Cosby, 597 So.2d 209, 210 (Ala.1992); Atkins v. Shirley, 561 So.2d at 1077; and Riddlesprigger v. Ervin, 519 So.2d at 487.
“ ‘ “In Alabama, and many federal courts, the interest in disposing of the litigation on the merits is overcome and a dismissal may be granted when there is a clear record of delay, willful default or contumacious conduct by the plaintiff. Smith v. Wilcox County Board of Education, 365 So.2d [659] at 661 [ (Ala.1978) ]. See, e.g., Boazman v. Economics Laboratory, Inc., 537 F.2d 210 (5th Cir.1976); Pond v. Braniff Airways[, Inc.], 453 F.2d 347 (5th Cir.1972). Willful default or conduct is a conscious or intentional failure to act. Welsh v. Automatic Poultry Feeder Co., 439 F.2d 95 (8th Cir.1971). ‘Willful’ is used in contradistinction to accidental or involuntary noncompliance. No wrongful motive or intent is necessary to show willful conduct.”
“ ‘Selby v. Money, 403 So.2d 218, 220-21 (Ala.1981); see also Burton v. Allen, 628 So.2d 814, 815 (Ala.Civ.App.1993).’
“HICA Educ. Loan Corp. v. Fielding, 953 So.2d 1261, 1263 (Ala.Civ.App.2006).”
Blake v. Stinson 5 So.3d 615, 617-18 (Ala.Civ.App.2008). “Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a i*eview-ing court.” Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So.2d 332, 341 (Ala.1991).
In Alexander v. GEICO Insurance Cos., 47 So.3d 1225 (Ala.2010), our supreme court affirmed a judgment dismissing a case with prejudice for want of prosecution after noting:
“From all that appears before us, the plaintiffs failed to meet discovery deadlines imposed by the trial court, and they were not prepared to proceed to trial after the trial court had continued the trial date one time.”
47 So.3d at 1230.
In Mangiafico v. Street, 767 So.2d 1103 (Ala.2000) (plurality opinion), a plurality of our supreme court affirmed a judgment dismissing an action with prejudice for want of prosecution when a litigant failed to initiate arbitration in accordance with the trial court’s order, reasoning:
“The trial court gave Mangiafico specific notice that arbitration was to be initiated within 30 days. Twenty-two days later, Mangiafico moved to extend the *367 time for initiating arbitration. The trial court did not rule on the motion before the expiration of the 30-day period. Mangiafieo failed-to initiate arbitration, despite the clear language in the trial court’s order indicating that the case would be dismissed if arbitration proceedings were not begun within 30 days. Because Mangiafieo did not commence arbitration as ordered by the terms of the July 23, 1998, order, the trial court, acting within its discretion and authority to manage the cases before the court, properly dismissed the case.”
767 So.2d at 1106.
We conclude that, perhaps even more so than in Alexander and Mangiafi-eo, the record in the present case reveals a “clear record of delay” on the part of the Cartees. The record indicates that the Cartees initially failed to commence arbitration proceedings within 90 days, as ordered by the trial court, resulting in the trial court’s dismissing the case on August 1, 2014. After the Cartees requested that the trial court reinstate the case and grant them an additional 30 days in which to secure an arbitrator, the trial court entered an order on August 19, 2014, reinstating the case, ordering the Cartees to provide to the court, within 30 days of the reinstatement order, notice of the arbitration agreement signed by Community and an arbitrator, and stating that the case would be dismissed “if there is not an agreement to enter into arbitration between the parties within thirty days of the date of reinstatement.” The trial court was . not notified that the parties had agreed on an arbitrator until after the trial court requested a status update almost three months later. The parties scheduled arbitration for February 4, 2016; however, the Cartees requested to cancel the arbitration due to the illness of Don Cartee. A month after the date of the canceled arbitration, the Cartees still had not attempted to reschedule the arbitration.
Because the record in the present case indicates a “clear record of delay” by the Cartees based on their repeatedly failing to meet the trial court’s deadlines, we conclude that the trial court did not exceed its discretion in dismissing the ease with prejudice for want of prosecution.
With regard to the Cartees’ argument that they were not allowed time to respond to the motion to dismiss before the trial court entered its judgment dismissing the case, we note that the Cartees filed a postjudgment motion, and, in that motion, they did not articulate any valid excuse for their continued delay. Therefore, we conclude that any error on this point was harmless. See Rule 45, Ala. R.App. P,
Based on the foregoing, we affirm the trial court’s judgment.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.